Parker, C. J.,
delivered the opinion of the Court. The question is, whether Savage Bolton, the husband of the demandant, was seized, during the coverture, of the land whereof dower is demanded. The seizin, on which the * demandant relies, is derived from a conveyance of the premises to her husband from George Bolton, his father ; whose title was derived from Edward Bolton, his son, who was originally seized,.and died without issue. This Edward Bolton, in his lifetime, had conveyed the land in mortgage to William Howard ; so that he died seized of an equity of redemption only ; which was all that could be inherited by his •ather, and, of course, was all which could pass by the deed of the *188 latter to Savage Bolton, the mortgage subsisting when that conveyance took place.
But for the circumstances which occurred at the time of the conveyance from Savage Bolton to Ballard, the tenant, this state of facts would present the general question, whether a widow can have dower of an equity only ; a question which has not received a direct iudicial decision with us.
There are strong reasons in favor of dower under such circumstances ; and by the common law, which in this regard is founded in public policy as well as upon a due regard to the situation of widows] dower is a favored estate.
Although, between mortgagor and mortgagee, the latter is considered as having the whole estate, defeasible only by a performance of the condition, so that no right can be set up against him by the mortgagor, or any person claiming under him ; yet, as to all other persons, the mortgagor remains the lawful proprietor, and may maintain his right and possession, by any action proper for such purpose, in as ample manner as if he had never conveyed ; until the mortgage is foreclosed, or actual possession taken by the mortgagee. There seems to be no reason, then, why the wife should not be endowed, as long as her claim will not interfere with the rights of the mortgagee. For the husband, was seized in fact, after the execution of the mortgage, against all but him to whom he had thus conveyed ; and, if it should be for the interest of the wife, as in some cases it may be, to redeem the estate, there can be no good reason why she -should not enjoy an estate, which, but for * an incumbrance which she has removed, would always have been subject to her claim.
This right may be enforced in England by the intervention of the Court of Chancery. And there seems to be no reason why the wife here should not be placed in a situation which may enable her to redeem, or to hold the estate, if it should otherwise be redeemed ; as it may be by the mortgagee’s pursuing his remedy for his debt against the personal estate of the husband after his decease. It is enough, that the law- will not permit the wife to affect the contract of the husband, made with the mortgagee before the marriage. No other person has any lawful interest in excluding her from the customary right of the wife in the estate of her husband.
But, upon the supposition, that a wife is not dowable of an equity, there is yet ground in this case for the support of the demandant’s claim. It cannot be denied, that, if Savage Bolton had paid off the mortgage the day before he conveyed to Ballard, her claim would be maintained ; for, in that case, the incumbrance being removed, he would have been restored to an indefeasible estate in fee, and his seizin would have been perfect. Now, by the facts agreed, it appears, *189 that part of the bargain with Ballard was, that he should pay off the mortgage ; and a sufficient amount of the purchase-money was appropriated to that object. The money was in fact paid, and the bond discharged, on the very day the conveyance was made to Ballard; so that Bolton might, according to the terms of his deed, have conveyed an unincumbered estate to him. It is not stated, whether the payment or the delivery of the deed had precedence in point of time. But, to execute the real intention of the parties, it must be supposed that the incumbrance was first removed. Then Savage Bolton was seized, so as to vest a right of dower in his wife ; and although, in one view, this may be considered a seizin for an instant, yet it is to be taken in connexion with the former seizin, which, although affected by the rights of the #mortgagee, was always in force against every other person. And when those rights ceased to exist, the estate was as if it had never been incumbered.
This case differs from that of Popkin vs. Bumstead, which has been cited- and relied on by the counsel for the tenant. In that case, the widow had released her dower by deed, and the husband had done nothing towards redeeming the mortgage. In the case at bar, the demandant has never released ; and the transactions between the husband and the mortgagee are viewed as a redemption by the husband, and a revesting of his seizin, in order that he might convey.
There is also a difference between the present case and that of Holbrook vs. Finney. The ground of the decision in that case was, that the husband was never seized at all ; having taken a deed and given back a mortgage at the same moment. Here, the husband was actually seized of the land during the coverture, and could maintain that seizin, by action or entry, against everybody but the mortgagee; and the incumbrance was actually removed by payment of the money virtually by the mortgagor, before he conveyed to the tenant; for so the whole transaction must be viewed. Upon the whole, it is our opinion, that the demandant is entitled to judgment.

Tenant defaulted.