BETSEY D. HATCH *vs.* HENRY E. PALMER & another.

*Conveyance subject to mortgage—payment of mortgage debt—dower.*

Where a mortgager of real estate, in his lifetime, assigned his property for the benefit of his creditors, and his assignees sold the equity of redemption to the tenants, making the conveyance " subject to a mortgage ... to be provided for by the purchasers," a payment of the amount due on the mortgage, by the tenants, and an assignment thereof to themselves, operate as an extinguishment of the mortgage; and the mortgager's widow, if she did not join in the deed, may recover dower in the premises, notwithstanding she joined in the mortgage for the purpose of releasing her dower.

ON FACTS AGREED.

WRIT OF DOWER.

The plaintiff is the widow of Davis Hatch, deceased, who, during coverture, being seized in fee of the premises described in the writ, mortgaged the same to one William Donnell, to secure the sum of $2500 and interest, and the plaintiff joined with her husband in the mortgage, for the purpose of releasing her dower in the premises.

Subsequently, Davis Hatch assigned his property for the benefit of his creditors, and his assignees conveyed to the defendants, for $1167, all the interest conveyed to them by said Hatch, " subject to a mortgage to the late William Donnell, of mortgage and interest this day due, of $3183, to be provided for by the purchasers."

Dower was duly and seasonably demanded, but no assignment thereof made.

The mortgage, for the consideration named, was legally assigned, together with the note secured thereby, by the executor of the last will and testament of said Donnell, to the defendants, and the assignment recorded.

Upon these facts the court to render such judgment as the law required.

*W. L. Putnam*, for the plaintiff.

*Tallman & Larrabee*, for the defendants.

APPLETON, C. J.   This is a writ of dower.   Demand is admitted to have been duly made.

Davis Hatch, the husband of the demandant, mortgaged the premises, in which dower is claimed, to one Donnell.   Hatch subsequently assigned all his property for the benefit of his creditors. His assignees sold the equity of redemption to the tenants for $1167, and in their deed made the conveyance " subject to a mortgage to the late William Donnell, of mortgage and interest this day due, of $3183, to be provided for by the purchasers."

The tenants, by accepting the deed with this clause, were to pay the Donnell mortgage.   *Braman* v. *Dowse*, 12 Cush. 227.   In pursuance of their agreement they paid the mortgage, took an assignment of the same, and now claim to hold it as against the widow's right of dower in the estate.

A widow is entitled to dower in a right in equity against all but the mortgagees, and those claiming under them, but if the administrator redeem, with the assets of the estate, she is let in to dower without contribution.   *Rossiter* v. *Cossit*, 15 N. H. 38.   One possessed of an equity of redemption conveyed the premises in fee, the grantee agreeing to pay to the mortgagee the amount due on the mortgage and the balance to the grantor, which was done.   The wife of the grantor was held entitled to dower.   *Bolton* v. *Ballard*, 13 Mass. 226.   In *McCabe* v. *Swap*, 14 Allen, 188, it was held that if a deed of land contained an express stipulation that the grantee shall pay off an existing mortgage upon the land, as a part of the consideration of the deed, and save the grantor harmless therefrom, a payment of that amount and an assignment of the mortgage to him will operate as extinguishment of it, and the widow of the mortgager, though she may have released her right of dower in the premises to the mortgagee, will, upon such extinguishment of the mortgage, be entitled to dower in the estate.   In this case, the mortgage debt was left in the tenant's hands with which to pay the mortgage, which they were to do.   Having done it in pursuance of this agreement, they are not to hold the mortgage as a subsisting incumbrance, for the payment was made with the funds of the

mortgager. Where a mortgage debt is paid by one who is bound by contract to pay it, and he pays it and takes an assignment, the assignment will be held to be a discharge, though an assignment in form.

The tenants paid $4350 for the estate conveyed to them. The amount of $3183 was reserved in their hands to pay the mortgage. Had this been made by Hatch in his lifetime, there would have been no question as to the discharge of the mortgage. But it makes no difference whether paid by him or his administrator or assignee, with the assets of the estate, the defendants having accepted a deed of the interest of Hatch, upon the condition or implied promise that they would provide for the mortgage.

*Judgment for demandant.*

CUTTING, KENT, DICKERSON, BARROWS, and TAPLEY, JJ., concurred.