EBENEZER McINTOSH *v.* LOUIS H. GASTENHOFER and another.

As a general rule, where goods are acknowledged to have been received in good order, and are delivered in bad, the carrier will be responsible ; but he may show that the damage arose from causes which existed before the bailment, or from the defects of the thing itself.

APPEAL from the Commercial Court of New Orleans, *Watts*, J. *Elmore*, for the plaintiff.

G. *Strawbridge*, for the appellants.

MARTIN, J. The defendants resisted a claim of the plaintiff for the freight of a number of crates of earthenware, on the ground that they had been shipped in good order and well conditioned, but had been delivered in such a state that the injury they had sustained on board of the ship was of greater amount than the freight claimed. Judgment was given for the plaintiff, and the defendants have appealed. The first judge received from the testimony the impression that the only injury which the crates could have received on board, must have resulted from bad stowage, or from water destroying the straw and exterior packing. The stowage appears to have been good, and no damage appears to have resulted from salt water on the voyage, the other merchandize having been delivered free of injury, which, from its consisting of sheet iron and tin, could not have remained uninjured had salt water reached either. Nor would the ship-owners be responsible had salt water reached the cargo in consequence of any storm, &c. The judge concluded that the only real cause of damage, must have been the condition of the merchandize when shipped ; that it was proved that these crates had been exposed to rain at Liverpool before their shipment ; that they were old when shipped ; that they had been brought down the river Mersey on flat-boats ; that this river is wide and filled with salt water, as the tide ebbs

and flows to a very great height; that they may have got wet with salt water in their transportation to Liverpool; and that these facts will account for the rotten condition of the straw from salt water. A dealer in crockery, who purchased a part of the shipment, expressed his opinion that the crates had been wet before they were shipped.

It does not appear to us that the judge erred. The general rule is certainly that, when goods are acknowledged to be received in good order and delivered in bad, the carrier is responsible; but it is open to the exception, that he may show that the damage arose from causes which existed anterior to the bailment, or from defect in the thing itself.

*Judgment affirmed.*