100　337
e100　602
c100　605
100　611

## Wytheville.

### Land v. Shipp and Others.

#### June 12, 1902.

1. Dower—*Paramount Encumbrances—Subrogation—Code, Section 2269.*— If a wife unite with her husband in a deed of trust on his land to secure the payment of a debt due by him, and subsequently the husband gives a second deed of trust on the same land in which the wife does not unite, and the land is sold under the second deed, but the purchase money is applied so far as need be to the extinguishment of the debt secured by the first deed, a court of equity will subrogate the purchaser to the rights of the creditor in the first deed, and, upon the death of the husband, will allow his widow dower in the surplus only remaining after the payment of the debt secured in the first deed of trust. She is not entitled to dower of the whole to be taken out of the surplus. Code, section 2269.

2. Dower—*Commutation—Encumbrances—Sale in Lifetime of Husband— Code, Section 2278.*—A widow entitled to dower in land cannot be compelled to commute it in money, but may have it set apart to her in kind, if practicable, even where there is an encumbrance on the land superior to her right of dower. But if the land be sold in the lifetime of the husband, the purchaser may relieve himself from a recovery in kind upon paying to the widow interest on one-third the value of the land as provided by section 2278 of the Code.

Appeal from a decree of the Circuit Court of Princess Anne county, pronounced May 25, 1901, in a suit in chancery wherein appellant was the complainant, and the appellees were the defendants.

*Affirmed.*

This is the second appeal in this case. *Land* v. *Shipp*, 98 Va. 284. When the case was sent back to the Circuit Court, the

depositions of the trustee who made the sale, and of the purchaser, were taken to show the intent of the purchaser and the trustee in the application of part of the proceeds of the sale of the land under the second deed of trust to the debts secured by the first deed of trust. It appears from these depositions that both the trustee and purchaser knew of the existence of the prior deed, and that after the sale under the second deed the grantor, the beneficiary under the first deed, and the trustee and beneficiary under the second deed, were all present together when the trustee in the second deed paid off the debt secured by the first deed, and, after deducting the debts secured by the second deed and the expenses of sale, paid the residue of the purchase money to the grantor. The beneficiary in the first deed then marked his deed satisfied on the margin of the deed-book in which it was recorded. The case was heard on the papers formerly read, and on these depositions. The appellant, who was the plaintiff in the court below, and who had brought her suit to recover dower in kind in the tract of 145 acres of land which had been sold, asked the court to enter the following decree:

"This cause came on this day to be again heard upon the papers formerly read, the decree of the Supreme Court of Appeals rendered on the — day of June, 1900, and depositions for the plaintiff since said decree, and the plaintiff electing to take her dower in kind and was argued by counsel:

"On consideration whereof, on motion of the plaintiff, the court doth appoint ————————————————, any three of whom may act, as commissioners to lay off and assign to the plaintiff, Laura L. Land, one-third of the land and buildings in the bill and proceedings mentioned, and now in the possession of the defendant, Emerson Land, to be held by her for her dower in the real estate of which her husband, John W. S. Land, was seised during the coverture, and they will report their proceedings under this decree to the court.

"And the court doth further order that one of the commissioners of this court ascertain and report the damages to which the plaintiff is entitled, for the detention of her dower, and he will also ascertain and report where the timber in the bill mentioned was sold to W. C. Hostetter, and when it was severed from the land and its value, and what sum should be paid the plaintiff as the widow of John W. S. Land on account of the sale of the timber, all of which matters he will report to the court, with any matter specially stated deemed pertinent by himself, or required by any of the parties to be so stated."

The trial court refused to enter this decree, and in lieu thereof, entered a decree as follows:

"This cause came on this day to be again heard upon the papers formerly read, the decree of the Supreme Court of Appeals, entered on the 27th day of June, 1900, together with the opinion of said Supreme Court, upon depositions of witnesses for the plaintiff taken since said decision and decree, and was argued by counsel:

"Upon consideration whereof, it appearing to this court, from said decision and decree, that the plaintiff is entitled to dower in the equity of redemption in the land in the bill and proceedings mentioned, subject to the first lien thereon by deed of trust to secure the debt to Jonathan Woodhouse, and it being therefore impracticable to assign the said dower to said plaintiff in kind, under said decision and decree, the court doth adjudge, order and decree that this cause be referred to one of the commissioners of this court, who shall ascertain and report the following accounts:

"1st. The value of the said tract of land at the date of the death of said John W. S. Land, deceased, and the value of the said equity of redemption therein.

"2d. The sum due under the deed of trust made to secure Jonathan Woodhouse, and the amount paid by the trustee in payment of said lien.

"3d. The value of the dower interest to which the plaintiff is entitled in said equity of redemption in said tract of land, to be ascertained by deducting from its value the sum of the debt secured to Jonathan Woodhouse and paid to him by the said trustee; and also the commuted value of such dower interest.

"4th. Any matter specially stated, deemed pertinent by himself, or required by any of the parties to be so stated.

"The said commissioner is directed to file with said report any and all evidence taken by him upon which his report is based. The complainant moved the court to enter as the decree of this court the paper this day filed and marked 'X,' but the court being of the opinion that the same would not be in accordance with the views of the Supreme Court of Appeals, as expressed in their said opinion, declines to enter the same."

From this decree the present appeal is taken. The appellant insists that she is entitled to dower in kind, and that, inasmuch as there was no sale under the first deed of trust, she is entitled to one-third of the whole; and that section 2269 of the Code applies only to cases in which there has been a foreclosure under a deed in which the *wife united,* and not to a case of foreclosure under a second deed in which the wife *did not unite.*

*Burroughs & Bro.,* for the appellant.

*William McK. Woodhouse,* for the appellees.

CARDWELL, J., delivered the opinion of the court.

This case is the sequel of *Land* v. *Shipp,* 98 Va. 284. To a clear understanding of the question now presented, it will be necessary to restate the main facts out of which the case arose, to-wit: John W. S. Land, the husband of the appellant, Laura E. Land, executed to one J. M. Keeling, trustee, a deed, in which the wife united, upon a tract of land situated in Princess Anne county, to secure a debt of the husband of $1,500, which deed was duly recorded in the clerk's office in said county. Sub-

sequently the husband and wife entered into a deed of separation, in which, among other things, it was provided that the wife thereby relinquished to the husband all of her right of dower in the real estate then owned by him, or that he might thereafter acquire. Immediately upon the execution of this deed of separation, the husband executed a second deed of trust to one John J. Woodhouse, in which the wife did not unite, conveying the same tract of land, which was all the land owned by the husband, to secure another debt of his amounting to $569.47. Default having been made in the payment of the debt secured by the second deed, the trustee therein sold the property to one H. E. Shipp at the price of $3,050; and, after paying the costs of the sale, the debt with interest secured by the first-named deed, and the debt with interest secured by the deed under which the trustee sold, the balance of the proceeds of sale was paid over by the trustee to John W. S. Land. The purchaser, H. E. Shipp, after selling the timber therefrom, resold the land to one Emerson Land; and, appellant's husband having died, she filed her bill in the Circuit Court of Princess Anne county against H. E. Shipp and Emerson Land, claiming dower in the land and in the proceeds from the sale of the timber therefrom by Shipp, but upon the hearing of the cause the Circuit Court, being of opinion that the deed of separation referred to above barred her claim to dower, dismissed her bill. From that decree an appeal was taken to this court, and the decree reversed and annulled; the opinion of this court, in substance, being, that the deed of separation entered into between the appellant and her husband was void and of no effect; that she had an inchoate right of dower in the equity of redemption remaining in her husband when the deed under which the land was sold was executed by him, which became consummate at his death, i. e., she was entitled to dower in the surplus arising from the sale of the land after satisfying the debt secured by the first trust deed thereon in which she and her husband both

united; that the case was controlled by *Wheatley's Heirs* v. *Calhoun*, 12 Leigh, 264, and section 2269 of the Code, and that sections 2277 and 2278 of the Code also applied.

In that decision the four judges sitting concurred, but Buchanan and Harrison, JJ., appended a note to the opinion, in which it was stated that they did not think the question, to what extent a married woman relinquished her right of dower, when she unites with her husband in a deed of trust upon his real estate, arose in the case, and they did not wish to be understood as expressing an opinion upon it. *Land* v. *Shipp, supra.*

After the case had gone back to the Circuit Court, depositions of Woodhouse, the trustee in the second deed of trust under which he sold the land, and Shipp, the purchaser at the sale, were taken, showing that when the land was sold it was with the understanding that the debt secured by the first deed of trust was to be first paid out of the proceeds of sale, and that it was in pursuance of that understanding that the debt secured by the first deed was paid to the beneficiary thereof, and the debt marked "satisfied" of record.

The appellant then claimed dower in the land regardless of her relinquishment of it by the first deed of trust, to Keeling, trustee, and elected to have it assigned in kind, and asked that commissioners be appointed to assign to her one-third of the land, but the court, being of opinion that it was impracticable to assign to her dower in kind, and that she was only entitled to dower in the land subject to the first deed of trust thereon, in which she united, referred the cause to a commissioner to ascertain and report the value of the land at the death of John W. S. Land, and the amount due on the first deed of trust debt. These enquiries were directed with a view of providing for the payment of the widow's claim to dower in the surplus of the proceeds of sale to Shipp remaining after satisfying the debt secured by the first deed of trust, and from this decree she again appealed to this court.

It is conceded that the effect of the appellant's uniting with her husband in the first deed of trust to Keeling, trustee, was, under section 2502 of the Code, a relinquishment of her dower right in the land as to the debt thereby secured; but the contention now is that, when that debt was paid and marked "satisfied" in any other mode than by a *foreclosure* of the deed securing it, appellant's right of dower in the entire tract of land became again in full force and vigor, and, upon the death of her husband, she was entitled to have it allotted to her in kind.

There are cases to be found, decided by courts of other States, and some of them cited for appellant, which seem to sustain her contention, but they are not in harmony with the trend of the decisions of this court as to a widow's right of dower in the real estate of her husband where there are liens or encumbrances upon such real estate paramount to her right of dower therein, nor do they conform to the provisions of our statutes on the subject.

Among the cases cited are *Eaton* v. *Simond,* 14 Pick. 98; *Atkinson* v. *Stewart,* 46 Mo. 510 and 515; *Hatch* v. *Palmer,* 58 Me. 271. In these cases, as well as in those of the classes to which they belong, so far as we have been able to follow them, the payment of the encumbrance on the land paramount to the widow's right of dower therein was either regarded as having been made by the husband, or with his means; or the purchaser of the land had, without taking an assignment, and without any attempt to keep the paramount mortgage or other encumbrance alive, paid it off absolutely and unqualifiedly, and no mistake was alleged or pretended in the cancellation or entry of satisfaction. In the latter class of cases, it was held that the lien so paid off would be effectually dead, and, the widow's relinquishment of dower being destroyed with it, her right to dower was revived, and the doctrine of subrogation could not apply to such a case. But that is not the case before us. Of course, where the husband's money, no matter from

what source derived, pays off a lien or encumbrance on his real estate paramount to his wife's right of dower therein, the lien or encumbrance would no longer bar the wife's claim of dower in the property, for, in such a case, the satisfaction and release of the lien or encumbrance would enure to the benefit of the husband, and its effect would be to extinguish the wife's relinquishment of her dower if she had theretofore made it, and her right to dower would attach to the property, and this would be so if the lien or encumbrance so paid off was created before the marriage.

The cases decided by this court mainly relied on by appellant are *Gayle* v. *Wilson*, 30 Gratt. 166, and *James* v. *Upton*, 96 Va. 296, neither of which sustains her contention.

In the first-named case, the controversy was not between a purchaser of real estate and a widow claiming dower therein, but was a case in which the purchaser of the equity of redemption held by his grantor in the land, knew of the existence of four deeds of trust on the land, and they were assumed by him as a part of the purchase money he was to pay for it. He paid part of the debts secured by the first three deeds, and the land having so depreciated in value that it would not sell for an amount equal to the four debts secured on it, he claimed the right, by subrogation, to be first repaid what he had paid on the first three debts secured before the creditors who had not been paid received any part of the proceeds from the sale of the land, but it was held that he had no such right, and the opinion of the court, by Staples, J., says: "It may be conceded there are cases in which the purchaser of an equity of redemption, upon paying off an encumbrance, will be subrogated to the rights of the creditor, and a court of equity will keep alive the lien for his benefit, although it may have been discharged by payment. . . . . But when the purchaser takes no assignment, and his payments are made for the purpose of discharging the debt, and with no intention of keeping alive the mortgage, he cannot

afterwards, upon a change of his intention, or a change of surrounding circumstances, insist upon the mortgage as a subsisting security to the injury of third persons."

In *James* v. *Upton, supra,* a purchaser of a tract of land, after paying part of the purchase money, aliened the land to another, and after his death his widow claimed dower in the land. It was there held that, to the extent that the husband had paid the purchase money for the land, his widow was entitled to dower therein, and the opinion of the court, by Buchanan, J., says: "Not only has the husband no power to alien such property to the prejudice of his widow's right to dower, but so carefully has the law guarded her right that where the land is subjected during the husband's lifetime to the payment of the lien or encumbrance upon it which is superior to her dower rights, it is provided by section 2269 of the Code that, if a surplus of the proceeds of sale remain after satisfying said lien or encumbrance, she shall be entitled to dower in such surplus," &c.

In *Wilson* v. *Davisson,* 2 Rob. 284, the opinion by Baldwin, J., says: "The equity of redemption of a mortgage in fee descends to the heirs of the mortgagor; and though the widow is not entitled to dower as against the mortgagee, where the mortgage was executed before the coverture, or during the coverture, with her concurrence, in the mode prescribed by law, yet in either case she is entitled to dower in the equity of redemption; for of that, or what is the same thing, of the estate subject to the mortgage, the husband is to be considered as dying seised."

. The effect of that decision was to do away with the magic in the word *seisin,* or *legal seisin,* in the husband. It was no longer essential to the right of the widow to dower, and she became dowable of an equitable or trust estate, where, accompanied by the beneficial ownership in the husband, and thereafter the beneficial ownership became the test of the widow's

right of dower in the property, though separated from the legal title. "But there can be no beneficial ownership in opposition to a paramount encumbrance, though there may be in subordination to it."

The revisers of the Code of 1849 reported a statute in accordance with the views of the majority of the court in *Wilson* v. *Davisson, supra,* which was adopted by the Legislature with an additional clause to meet the views of Allen, J., who dissented, because of opinion that the decision deprived the widow of dower in the surplus remaining after satisfying the lien or encumbrance on the land superior to her dower. The statute, now section 2269 of the Code, is as follows:

"Where land is *bona fide* sold in the lifetime of the husband, to satisfy a lien or encumbrance thereon, created by deed in which the wife has united, or created before the marriage, or otherwise paramount to the wife, she shall have no right to be endowed in the said land. But if a surplus of the proceeds of sale remain after satisfying the said lien or encumbrance, she shall be entitled to dower in said surplus, and a court of equity having jurisdiction of the case may make such order as may seem to it proper to secure her right."

The case of *Wheatley* v. *Calhoun,* 12 Leigh, 264, was as follows: Wheatley and Calhoun were partners in the milling business, and in March, 1824, they gave a deed of trust on *the new mills* and 200 acres of land adjoining, the debt secured being for the purchase money for the property. The lien of the deed of trust was, therefore, superior to the dower rights of the wives of the grantors. In May, 1830, they conveyed the same property to another trustee, for the purpose of indemnifying their endorsers at bank on notes given to provide the means of paying the latter instalments of the original purchase money. Wheatley's wife joined in this second deed of trust, but Calhoun's wife refused to do so. The notes at bank were renewed from time to time till Calhoun's death in August, 1831, when they were

protested for non-payment, and in March, 1832, the property
was sold by the trustee at public auction pursuant to the pro-
visions of the deed of May, 1830, and Wheatley became the
purchaser at $6,000. The trustee conveyed the property to
him, and he paid the debts due on the notes of Wheatley &
Calhoun to the banks, then amounting, principal, interest and
charges, to $7,253; so that he paid $1,253 more than the pur-
chase price of the property, besides the usual charges on the
trustee's sale. The widow of Calhoun, prior to Wheatley's
death, which happened in 1835, brought her suit in equity, and
after his death it was revived against his heirs, wherein she
claimed dower in her deceased husband's moiety of *the new mills*
and the 200 acres of land thereto adjoining, with the alternate
claim that if she was not entitled to dower in that property, she
would be entitled to dower in another tract of land owned and
held by Wheatley at his death under an agreement with Cal-
houn of October, 1822. The Circuit Superior Court decided
that Mrs. Calhoun was entitled to dower of one undivided moiety
of *the new mills* and the 200 acres of land adjoining, but, upon
an appeal to this court, it was held that she could not claim
dower except in her husband's share of the proceeds of the sale
of the land after deducting the amount of the prior paid-off en-
cumbrance, *i. e.*, the encumbrance superior to her claim of
dower in the property. Says the opinion by Tucker, J.: "Had
the sale, then, been under the first deed of March, 1824, there
would, I think, be an end of the case. But it was not, and, of
course, the equity of redemption under the deed has never been
foreclosed, as to any rights of the widow. She was, without
question, entitled to dower in that equity of redemption, to the
extent to which her husband, Calhoun, had made payment of
his proportion of the purchase money. In other words, if, upon
a sale, there should be an excess over and above the debt se-
cured, that excess, being the measure of the equity of re-
demption, would belong to Calhoun and Wheatley in the

proportions in which they have paid the purchase money, and Calhoun's widow would have her dower in her husband's portion." And it was further held that, if Mrs. Calhoun should ask a resale of the trust property, she would be entitled to it, and if there should be an excess over and above the amount due on the prior encumbrance superior to her dower, she would be entitled to her dower interest out of Calhoun's portion of it, but, in the event of such a claim being asserted, accounts should be directed to ascertain what proportion of the prior encumbrance (purchase money) had been paid by Calhoun, what out of partnership funds, and what by Wheatley, and if Wheatley had overpaid his proportion he would be entitled, by substitution, to resort to the first deed of trust (which he had satisfied) for reimbursement.

Whether there has been an alienation by the husband in fee of the equity of redemption he holds in land subject to a lien or encumbrance thereon superior to his wife's right of dower therein, or a conveyance be made by the husband of his equity of redemption to a trustee, without the wife's concurrence, to secure a debt of the husband, in either event, if there is a sale of the land in his lifetime by the trustee, subject to the prior lien or encumbrance, or it is paid out of the proceeds of such sale, the widow of the deceased husband can only have dower in the equity of redemption in the land (which dower the husband could not alien and defeat without her concurrence), or in the excess from the proceeds of the sale of the land, over and above the amount of the lien or encumbrance thereon superior to her dower rights; and to secure this to her, our statute makes ample provision.

In neither of the supposed cases does the payment and satisfaction of the prior encumbrance enure beneficially to the husband. Where the sale by the trustee is subject to the prior lien on the land, the purchaser may pay off the prior lien, and would be entitled by subrogation to the rights of the lienor (*Gatewood*

v. *Gatewood*, 75 Va. 407); and even if the sale were not made
with the understanding that, in order that the purchaser might
get a clear title to the land, enough of the proceeds of the sale
was to be applied to the satisfaction of the prior lien, superior
to the wife's right of dower, she would still be entitled only to
dower in the surplus remaining after paying the superior lien,
first, because before the sale she was only dowable in the equity
of redemption as to which she had not joined in the husband's
conveyance of it to the trustee; and, second, she is dowable only
in the surplus remaining after satisfying the prior lien, because
the statute, sec. 2269, *supra*, so provides. It is true, that sec-
tion 2498 of the Code provides that when such prior lien or en-
cumbrance is marked "satisfied" on the margin of the deed-
book where it is recorded and attested by the clerk, as in this
case, *"the same shall operate as a release of the encumbrance as
to which such payment or satisfaction is entered."* But to whom
does the benefit of such release enure? Certainly not to the
husband of appellant in this case, unless the payment or satis-
faction was with his means, and clearly the proceeds arising
from the sale of the land to Shipp did not belong to appellant's
husband until the encumbrances on the land were provided for,
and he had no right to demand of the purchaser or the trustee,
who made the sale, any part of the proceeds therefrom, except
what remained after paying the lien or encumbrances on the
land. There was no duty upon Shipp, by the terms of his
contract of purchase from the trustee, to pay and cancel the
prior encumbrance on the land, and the payment of it will be
held as an extinguishment or not, according to the intention and
situation of the parties. *Gayle* v. *Wilson, supra.*

The first deed of trust on the land, superior to appellant's
right of dower therein, having been satisfied with the money of
the purchaser, Shipp, with no duty resting upon him to pay and
cancel it, its satisfaction did not operate as an extinguishment
of appellant's relinquishment of her dower in the land as to the

·debt secured by the deed, and against such a claim on her part the lien of the deed would, if necessary, be revived in equity in order to protect Shipp and those claiming under him to the extent of the debt thereby secured. *Wheatley* v. *Calhoun,* *supra*; *Hudson* v. *Dismukes,* 77 Va. 242; *James* v. *Upton,* *supra;* 24 Amer. & Eng. Enc. L. 259, and authorities there ·cited.

It is also true, as appellant further contends, that a widow entitled to dower in land cannot be compelled to commute it in money, but may have it set apart to her in kind, if practicable, even where there is an encumbrance on the land superior to her right of dower, as was held in *Wilson* v. *Branch,* 77 Va. 65, where the widow's dower could be assigned in kind, and leave enough of the land to satisfy the encumbrance thereon. That is, however, not this case, and the rule there applied has no application to any case where the husband's equity of redemption in land has been aliened in his lifetime, but such cases are controlled by section 2269 of the Code.

We are of opinion that there is no error in the decree of the Circuit Court complained of, and it is, therefore, affirmed.

HARRISON, J., dissenting.

I am unable to concur in the conclusion reached by the majority of the court in this case. My opinion is that when a wife has united with her husband in a trust deed on real estate to secure debts of the husband, she having a contingent dower estate in the land at the time, such conveyance operates, as to the wife, as a relinquishment of her dower only to the extent necessary to secure the creditors for whose benefit the conveyance was made, and that if after a sale of the property to pay the debt, a surplus remains sufficient to give her the full value of her dower in the entire property, she is entitled to such full value.

If the wife's contingent right of dower in her husband's land be property, as it seems to me it is, there can be no reason why

her relinquishment or pledge of it, for the benefit of one or more creditors of her husband, should in any way, directly or in-directly, enure to the benefit of other creditors of the husband in whose favor she has not pledged it. This view, it seems to me, carries out the true intent of section 2269 of the Code; my construction of this section being that it was intended thereby to provide that, if there was a surplus after satisfying the encumbrance created by a deed in which the wife had united, she should have her whole dower, not part of it, out of such surplus, to the extent it was sufficient to satisfy the same.

This construction more nearly accomplishes what appears to me the justice of the case, and does no violence to the language of the law-maker.

It is not considered necessary to dwell upon the arguments that suggest themselves in support of the position taken. I have only desired to say enough to make clear the ground of my dissent.

*Affirmed.*