## Richmond.

### HOY v. VARNER AND OTHERS.

#### November 20, 1902.

1. CONTINGENT DOWER—*Nature of Interest—Deed of Husband and Wife—Wife Not a Surety.*—A wife's contingent right of dower in the lands of her husband is not property, and she does not become surety for her husband by uniting with him in a conveyance of his land as a security for his debts.

2. DOWER—*Contingent Right—Deed of Trust by Husband and Wife—Death of Husband—Rights of Wife—Redemption by Heirs.*—If a wife unite with her husband in the conveyance of his land in trust to secure the payment of his debts, and the deed is duly acknowledged and recorded, upon the death of the husband before any sale under the deed, or satisfaction of the debt secured, his widow is only entitled to dower in the surplus of the land remaining after satisfaction of the lien. She is not entitled to have one-third of the value of the whole land assigned to her out of the surplus remaining after the satisfaction of the lien created by the deed of trust. If the heir redeems the land, as he may do, she must pay an equitable proportion of the liens and encumbrances thereon which are paramount to her dower before she can be endowed of the whole land.

Appeal from decrees of the Circuit Court of Augusta county, pronounced December 9, 1898, and June 8, 1899, in a suit in chancery wherein the appellant, George C. Hoy, was the complainant, and the appellees and the appellant, Nina V. Hoy, were defendants.

*Reversed.*

The opinion states the case.

*Charles Curry* and *Turner K. Hackman,* for the appellants.

*Elder & Elder*, for the appellees.

CARDWELL, J., delivered the opinion of the court.

This is an appeal from a decree of the Circuit Court of Augusta county, and the case is as follows:

H. H. Varner died in Augusta county on or about the 25th day of April, 1887, intestate, leaving surviving him a widow, Agnes A. Varner, and five infant children. He was at his death seised and possessed of a tract of 126½ acres of land, situated in said county, upon which he had given two deeds of trust, one to secure to the Valley Mutual Life Association $1,100, and the other to secure Frances Hogshead $200, in both of which duly recorded deeds his wife united. H. H. Varner having died before any sale of the land was made under either of the trust deeds, and the debts thereby secured, with the exception of a balance of $70.62, having been satisfied with the proceeds arising from the sale of a part of the land in a suit instituted for the settlement of Varner's estate, and by applying, by authority of a decree of the court in that case, the share of his five children in the proceeds from a life insurance policy he held in the Valley Mutual Life Association, for the benefit of his wife and children, the Circuit Court, in this cause, held that the widow, Agnes A. Varner, was entitled to dower in the whole 126½ acres of land, and confirmed the report of the commissioners assigning to her, as dower, one-third of the land.

"The general rule is that when the husband has mortgaged his lands before coverture, or the wife during coverture has united with him in mortgaging land belonging to him, and such land is sold under the mortgage, the widow, if the sale takes place after the death of the husband, and the wife, if the sale takes place before his death, in jurisdictions where the inchoate right of dower is regarded as such an interest as must be protected, is entitled to have her dower assigned or reserved from

the surplus only, after paying the whole amount of the mortgage indebtedness. The dower interest should be confined to one-third of the value of the excess of the land, after deducting the entire amount owing upon the mortgage." 10 Amer. & Eng. Enc. L. (2d ed.) 169; 1 Scrib. Dower, 492.

The reason for the general rule, which confines the widow to one-third of the surplus, is thus stated by Chancellor Walworth in *Hawley* v. *Bradford,* 9 Paige, 200; 37 Amer. Dec. 390: "It is settled law that where the wife pledges her separate estate, or the reversionary interest in her real property, for the debt of her husband, she is entitled to the ordinary rights and privileges of a surety. . . . . I am not aware of any decision, however, in which the principle of suretyship has been applied to a case like the present. . . . . Strictly speaking, the wife has no estate or interest in the lands of her husband during his life which is capable of being mortgaged or pledged for the payment of his debt. Her joining in the mortgage, therefore, merely operates by way of release or extinguishment of her future claim to dower as against the mortgage, if she survives her husband, without impairing her contingent right of dower in the equity of redemption. The master, therefore, was right in supposing that Mrs. Bradford was not entitled to be endowed of the whole proceeds of the mortgaged premises, but only of the surplus which remained after paying the mortgage debt, and the costs of foreclosure." To the same effect is *Bank of Commerce* v. *Owens,* 31 Md. 320 (60 Am. Rep. 60), citing numerous authorities.

In *Land* v. *Shipp, ante* p. 337,348, it is said: "Whether there has been an alienation by the husband in fee of the equity of redemption he held in the land to satisfy a lien or encumbrance thereon superior to his wife's right of dower therein, or the conveyance be made by the husband of his equity of redemption to a trustee, without the wife's concurrence, to secure a debt of the husband, and there is a sale of the land in his lifetime by the

trustee, subject to the prior lien or encumbrance, or it be paid
out of the proceeds of such sale, the widow of the deceased hus-
band can only have dower in the equity of redemption in the
land (which dower the husband could not alien and defeat with-
out her concurrence), or of the excess from the proceeds from
the sale of the land, over and above the amount of the lien or
encumbrance thereon superior to her dower rights, which is the
measure of the equity of redemption, and to secure this to her,
our statute makes ample provision."

It was, of course, there meant to confine the widow's right of
dower to one-third of the surplus, thus entirely disregarding the
value of her dower in the whole land, for, if the wife was to be
treated as a surety for the husband, to be exonerated out of the
surplus, to the full value of her dower in the whole, the plain
provision of the statute that she is to be endowed only of the
excess from the proceeds of the sale of the land, over and above
the amount of the lien or encumbrance superior to her dower,
would be transcended, and she would be given dower in the
whole land, and not merely in the equity of redemption.    Of
that, or what is the same thing, of the estate subject to the
mortgage, as was said in *Wilson* v. *Davisson,* 2 Rob. 403, the
husband is to be considered as having died seised.

Professor Graves, of the University of Virginia, in his forth-
coming work on Real Property, quotes the general rule as laid
down in 10 Amer. & Eng. Enc. L., *supra,* the reason for the
rule given in *Hawley* v. *Bradford,* 9 Paige, *supra,* and then pro-
ceeds to state his conclusion as to the extent of the dower right
in Virginia, as follows: "When the land is sold *in the lifetime
of the husband,* the Code (sec. 2269) places the case where the
wife unites with the husband in the deed creating the lien or
encumbrance, along with that of a lien or encumbrance 'created
before marriage, or otherwise paramount to the dower of the
wife,' and declares as to all alike that 'if a surplus of the pro-
ceeds of sale remain after satisfying the said lien or encum-

brance, she shall be entitled to dower in said surplus,' which clearly confines her dower interest to one-third of the surplus. And that the law is the same in Virginia (in accord with the general rule laid down above) when the sale is made *after the death of the husband,* would seem to be indicated (so far as the opposite view rests upon the doctrine of suretyship) by the case of *Gatewood* v. *Gatewood,* 75 Va. 407, 415, where it is said by Staples, J., that a married woman who joins in a mortgage by the husband on his lands is not a surety for the debt;and also by the following language of the same learned judge in *Corr* v. *Porter,* 33 Gratt. 278, 285: 'During the life of the husband, the wife has no estate or interest in his lands. She has a mere contingent right of dower which may be the subject of a conveyance or relinquishment under the statute. It may also constitute a valuable consideration for a post-nuptial settlement, because it is in the nature of a contingent lien or encumbrance upon the realty. Beyond this, however, it is not even a right of action. When the wife unites with the husband in conveying the property to a purchaser, the effect is not to vest in the latter the dower interest, or any estate separate and distinct from that of the husband, but simply to relinquish a contingent right in the nature of an encumbrance upon the property conveyed, which, if not so relinquished, will attach and be consummate on the death of the husband. This right being relinquished is gone forever, the charge upon the estate ceases, and the title of the purchaser becomes complete. The title so acquired is not to two estates or interests, that of the husband and wife, but to one estate, that of the husband, discharged of the wife's contingent claim of dower.' "

In *Land* v. *Shipp,* 98 Va. 284, a number of authorities are cited with approval, in support of the view that while the wife's inchoate right of dower in her husband's land is an interest which may be released, it is not the subject of grant or assignment, nor is it in any sense an interest in real estate.

The contingent right of dower in the wife, not being in any sense property, the theory that when she unites with her husband in the conveyance of his land to secure the payment of a debt of his, she becomes surety of the husband for his debt, with the right of exoneration out of the remainder of the land, or the surplus from its sale, after the debt is satisfied, has nothing to rest upon, for the wife neither becomes personally bound for the debt, nor pledges any property as security for its payment. No personal obligation rests upon her to pay the debt, or to make up any deficit should the land sell for less than the debt.

It is not, however, the theory of the wife's suretyship that is so much relied on by the learned counsel for appellee, but that her claim to dower in the whole of the land of which her husband died possessed is authorized by the decision of this court in *Wilson* v. *Branch,* 77 Va. 65, cited with approval, it is contended, in *Land* v. *Shipp, ante* p. 337.

In other words, the contention is that, as the land upon which the two deeds of trust rested was not sold to satisfy the debts thereby secured in the lifetime of the husband, section 2269 of the Code does not apply, and that therefore Agnes A. Varner, appellee, is entitled to her full right of dower (except as against the secured creditors) in the land, as was held by the lower court; and *Wilson* v. *Branch, supra,* and the reference to that case in *Land* v. *Shipp,* are mainly relied on as supporting that contention.

In the last named case, having in mind the general rule that a widow cannot be compelled to commute her dower where it is practicable to assign it in kind, reference was made to *Wilson* v. *Branch* as authority for that proposition; but, if what was there said is susceptible of the construction that is here contended for, the language of the reference was unguardedly used; and, in fact, it was not necessary to a decision of the case under consideration.

In *Wilson* v. *Branch, supra,* there were two estates in land

involved, halves of an undivided tract called Cedar Lawn, one-half belonged to the husband, and (under the decision of this court) the other half belonged to the wife, when the deed of trust of 1876 was made by the husband and wife jointly, to secure a debt of the husband. As to the wife's half, she was, of course, surety for the husband; and as was said by the court, "The Circuit Court erred in decreeing the sale of the 'Cedar Lawn' tract without first dividing the same so as to save the wife her undivided moiety, which was her maiden property." And the lower court is also said to have erred "in selling the residue (*i. e.*, the husband's moiety) without laying off and assigning to the widow her dower in kind by metes and bounds, or first ascertaining that it was impracticable to so assign dower." Again (without distinguishing at this point between the two halves, and apparently conceding for the moment that the Circuit Court was right in its view that in 1876, when the trust deed was made, the whole land belonged to the husband, the opinion further says: "It does not appear that dower could not be assigned, and the residue sold to secure the creditor secured by the trust deed, with the right reserved to proceed further against the dower if the trust deed was still unsatisfied."

These extracts undoubtedly warrant the conclusion that the court was of opinion that the widow was entitled to full dower, and in the land itself, and that it was not to be sold under the deed of trust unless it became necessary to trench upon it to pay the creditor. But there is not a word of discussion as to the extent of the widow's dower right.

After quoting the foregoing extracts from *Wilson* v. *Branch*, Prof. Graves, in his work on Real Property, *supra*, makes the following accurate comment: "The mind of the court is entirely on the point of dower *in kind*. This it declares practicable, having regard to the relative amounts of the *value of the land* and of *the debt secured*. And three Virginia cases are relied on, viz.: *Blair* v. *Thompson*, 11 Gratt. 441; *White* v. *White*, 16

Gratt. 264; and *Simmons* v. *Lyle*, 27 Gratt. 922, which do declare that the widow must have dower in kind unless it be impracticable from 'the nature of the husband's interest, or from the nature and quality of the property itself,' but not a word is said about *relative amounts.* And in all of these three cases the widow's dower was *paramount* to *the encumbrance*, and of course she was entitled to dower in kind, if practicable, having regard to the nature of the husband's interest, and of the property. This part of the decision in *Wilson* v. *Branch*, then, finds no support in any of the Virginia cases cited, and is opposed to an almost unbroken current of authority elsewhere."

The authorities elsewhere, to which he refers, are collated in an excellent article in 8 Va. Law. Reg. 166-7, and embrace decisions by the courts of many States.

The cases to the contrary, cited by counsel for appellee here, are *Kling* v. *Ballentine*, 40 Ohio St. 391; *Mandel* v. *McClave*, 46 Ohio St. 407, 15 Am. St. Rep. 627; and *Jones* v. *Bragg*, 33 Mo. 337.

With reference to the last named case it is only necessary to say that the decision that the widow was entitled to dower in the land was put upon the ground that the mortgage thereon was paid out of the estate of the deceased husband, and not by the purchaser of the land, who was claiming subrogation to the rights of the mortgagee as against the widow. The case, therefore, is wholly unlike the case at bar.

In the Ohio cases the decisions were avowedly placed on the theory of the wife's suretyship for her husband, and it is conceded that where that doctrine is repudiated, the result must be to confine the widow to one-third of the surplus.

In *Heth* v. *Cocke*, 1 Rand. 344, it is held that the only claim of the widow in her husband's real estate which has been mortgaged by him before marriage is to dower in the equity of redemption; and it is said that the same principle applies as well to mortgages after marriage where the wife unites in the mort-

gage, etc. In the opinion, by Coalter, J., it is further said: "If neither the heir nor the widow redeems, and the land sells for more than the debt, the excess is the value of the equity of redemption, and she can only be endowed as to one-third of that excess." . . . . "Suppose she had been defendant in this suit, could she have claimed to have her dower laid off, and the residue sold? I apprehend the mortgagee could not have been compelled to sell in parcels. . . . . But if he could have been paid in this way, could the heir be deprived of his interest in the equity of redemption? The two-thirds may only sell for enough to pay the debt, and sell too at a great sacrifice in consequence of a severance of the property."

To the same effect, practically, is the case of *Wheatley* v. *Calhoun*, 12 Leigh, 269, where the sale of the land was made after the death of Calhoun, whose widow was claiming dower therein. There were two deeds of trust on the property of Wheatley and Calhoun; one to secure a debt for purchase money paramount to the claim of dower, and the other not so as to Mrs. Calhoun, she having refused to unite in the deed. The sale was under the second deed, and Tucker, J., speaking for the entire court, says: "Had the sale, then, been under the first deed of trust of March, 1824, there would, I think, be an end to the case. But it was not; and, of course, the equity of redemption under that deed has never been foreclosed, as to any rights of the widow. She was, without question, entitled to dower in that equity of redemption, to the extent to which her husband, Calhoun, had made payment of his proportion of the purchase money. In other words, if upon a sale, there should be an excess over and above the debt secured, that excess, being the measure of the equity of redemption, would belong to *Calhoun* and *Wheatley* in the proportions in which they have paid the purchase money, and *Calhoun's* widow would have her dower in her husband's portion."

There, again, the court clearly intended to confine the widow

to one-third of the equity of redemption, or to one-third of the surplus remaining after paying the lien on the land, superior to her claim of dower.

By uniting in the deed the wife enables the husband to convey the legal title to the creditor, and bars her dower in the land. Nothing remains in the husband but the equity of redemption, which is the creature of equity. In this equity she had no dower at all until the statute giving dower in equitable estates. The equity of redemption descends as an estate to the heirs. Why, then, should the widow, instead of receiving her dower in it, claim dower in the whole land, or in the whole to be satisfied out of the surplus, where the land has been sold, as if she had never joined in her husband's deed?

The word *dower*, in its ordinary acceptation, since its first introduction into this country, has been used synonymously with the word "third." 1 Scrib. on Dow. 25. So, by "dower out of all lands of which the husband is seised during coverture," is meant "one-third of such lands"; by "dower in the equity of redemption" is meant dower in the land subject to encumbrances paramount to dower, *i. e.*, one-third for life of what remains of the land after satisfying the encumbrances; and by "dower in said surplus" (as is the language of the statute) is meant "one-third of such surplus for life."

In the case at bar, the insurance money was not the husband's money, but that of the widow and children, as the policy was made payable to them. No question arises as to exoneration out of the personal estate of the husband. The liens upon the land have been paid by sale of a part of the land (in which the widow could have no dower till the liens thereon were paid), and with the children's money, and now the widow, who did not contribute, claims full dower in the land, as if she had done so.

In 1 Scrib. on Dower, 532, it is said: "The rule exacting contribution from the widow where a person deriving title through her husband has redeemed the lands from a mortgage

binding upon her interest, as a condition upon which she may be let into her dower, is firmly established in numerous decisions made in the courts of the various States." See also 2 Minor's Inst. 142, and authorities cited.

An authority exactly in point, also, is the well considered case of *Swaine* v. *Perine*, 5 Johns. Chy. 482, where it is said: "The plaintiff was a party to the mortgage to Dunn, and her claim to dower was only in the equity of redemption, or the interest which her husband had *remaining* in the land, after satisfaction of the mortgage. Her right to dower was subject to the mortgage; and if the heir has been obliged to redeem the land, by paying that mortgage *to which the plaintiff was a party*, she ought in justice and equity to contribute her ratable proportion of the monies paid towards redeeming the mortgage. The redemption was for her benefit, as far as respected her dower. To allow her the dower in the land without contribution, would be to give her the same right that she would have been entitled to if there had been no mortgage, or as if she had not duly joined in it. It would be to give her dower *in the whole absolute interest and estate in the land*, when she was entitled to dower only in a part of that interest and estate." See also *Bank of Commerce* v. *Owens, supra.*

"If the heirs redeem, or the widow brings her writ of dower, she is let in for her dower on her contributing her proportion of the mortgage debt." 1 Lomax Digest, 103.

Baldwin, J., in *Wilson* v. *Davisson, supra*, says: "A widow's right of dower, however, in an equity or redemption, or, in other words, in the land subject to the encumbrance, legal or equitable, is merely conditional, and dependent upon the fact of redemption. If the heir redeems she is dowable on contributing ratably; or she may herself redeem, to the extent of her dower, by like contribution." See also the general rule as stated in 10 A. & E. Ency. L. (2d ed.) 166, where numerous authorities are cited.

In *Wilson* v. *Davisson, supra,* the court held that the widow would have been entitled to dower in the equity of redemption if her dower had been consummated by the death of her husband before the sale; but that the sale having been before her dower became consummated, her dower did not attach.

The fact that the statute, now section 2269 of the Code, was enacted giving a widow dower in the surplus remaining after paying the lien or encumbrance on the land paramount to her dower where the land was sold in the lifetime of the husband, neither by inference nor otherwise goes to indicate that, where mortgaged lands, in which the dower is relinquished, are sold after the husband's death, or where the equity of redemption descends to the heirs and they have redeemed the land, the widow shall take dower in the whole land. The sole object of the statute was to give the wife in her husband's lifetime an interest in the equity of redemption, contingent, however, upon her surviving her husband, in accordance with Judge Allen's dissenting opinion in *Wilson* v. *Davisson, supra.* It was to give the inchoate and contingent dower of the wife the power to attach to the equity of redemption, during his lifetime, so that after a sale in her husband's lifetime, it would survive and be enforceable against his equity of redemption in the lands after his death, just as if the sale had been made after his death, as was held in *Land* v. *Shipp, ante* p. 337.

Where there was no sale of the land in the lifetime of the husband, as in the case at bar, the equity of redemption descends to the heir, subject to the widow's dower, but before she can be endowed in the whole land she must pay an equitable proportion of the liens or encumbrances on the land paramount to her dower.

The Circuit Court, therefore, erred in decreeing to appellee dower in the whole land of which her husband died seised and possessed; and the decree appealed from must be reversed and annulled, and the cause remanded to be further proceeded with in accordance with this opinion.                *Reversed.*