# CHARLESTON.

### GILKISON v. GORE *et al.*

Submitted January 30, 1917.   Decided February 6, 1917.

1. CURTESY—*Extent—Equity of . Redemption.*

    Where husband and wife purchase land jointly and it is con-
    veyed to them jointly, the grantor reserving in the deed a lien
    for the unpaid purchase money, represented by their joint note,
    and about the same time both join in a deed of trust conveying
    the property to a trustee to secure another sum represented by
    their joint note, borrowed to make the cash payment on the prop-
    erty, and the wife dies leaving said lien debts and other joint and
    individual debts unpaid, the husband is entitled to curtesy only in
    the equity of redemption and not in the whole estate in said land.
    (p. 550).

2. SAME—*Husband's Payment of Debts—Sale of Land.*

    If after decree of sale in a suit by the wife's administrator
    against her heirs and others to subject her interest in said land to
    pay her debts the husband pays off and discharges such lien debts
    and all other debts of the decedent, and then, claiming by subro-
    gation to the rights of their creditors, brings a new suit against
    her administrator and heir, seeking to subject to sale to pay her
    share of said debts her moiety in said lands, he is not entitled to
    have her interest in said land sold subject to his curtesy.  Stand-
    ing in the shoes of the lien creditors, if he would enforce his
    rights under the liens, the whole interest of the wife should be sold

free of his curtesy and he be reimbursed out of the purchase money for the wife's share of said lien debts, and his curtesy interest in the residue be ascertained and paid to him, and the residue, so far as necessary, applied on account of her share of the unsecured debts, and the balance paid to the heir. (p. 551).

3. SAME—*Subjection to Debts.*

In this State the curtesy of the husband in his wife's land is not subject to her general debts, but to the lien debts thereon only, existing thereon when his curtesy becomes consummate by her death. (p. 551).

4. CONTRIBUTION—*Payment of Wife's Debt—Decree.*

A husband, after decree of sale of his wife's interest in their joint lands to pay her debts, and subsequent payment thereof by him, is not estopped by such decree from thereafter suing her estate for contribution and to subject her interest in the joint lands to pay her share of the debts so discharged by him, the decree dismissing the first cause reserving to him the right to seek contribution from her heirs by suit for subrogation to the rights of creditors against her estate or by any other suit he might deem proper. (p. 552).

Appeal from Circuit Court, Logan County.

Suit by L. W. Gilkison against Eli Gore and others. Decree for defendant Eli Gore, and plaintiff appeals.

*Decree reversed, and cause remanded.*

*Chafin & Bland* and *Campbell, Brown & Davis,* for appellant.

*Greene & Hogsett,* for appellee.

MILLER, JUDGE:

When the facts are as assumed in the first point of the syllabus, the concrete case presented, the husband on the death of the wife is entitled to curtesy not in the whole estate, but in the wife's equity of redemption only, and if he redeems the land, as he may, by paying the lien debts, he stands in the shoes of the lien creditors, but with no greater rights. Under section 15, chapter 65, Barnes Code 1916, "If a married woman die seized of an estate of inheritance in lands, her husband shall be tenant by the curtesy in the same." And by the last provision of said section it is not necessary, as at

common law, that they have "issue born alive during cover‡ ture." And it has been decided that under this statute a hus‐ band has no curtesy initiate on the birth of issue or at any time in his wife's lands during coverture. Such estate only comes into being on her death, and attaches only to the estate, legal or equitable, of which she may so die seized. *Guernsey v. Lazear*, 51 W. Va. 328; *Hudkins v. Crim*, 64 W. Va. 225; *Campbell v. McBee*, (Va.) 22 S. E. 807; *Banta v. Smith*, (Ind.) 83 N. E. 1017; *Hoy v. Varner*, 100 Va. 600.

What a wife dies seized of, where the facts are as assumed, and as in the case at bar, is an estate in the equity of redemp‐ tion. This is the only estate she leaves, and it is the estate of inheritance which descends to her heirs, subject to the es‐ tate by the curtesy of the husband, given by the statute. *Hoy v. Varner, supra*, 609.

In this case the fact that the husband and wife were liable jointly, and stood in the relation of principal and surety for their respective shares of the lien debts, gave the husband no greater rights as tenant by the curtesy. The liens created and existing at her death made them superior to his curtesy, then become consummate, and left her at her death seized only of the equity of redemption, and the fact that he was her surety for her share of the debts, and paid those debts, as stated, gave him no greater rights as tenant by the curtesy, against the heir to whom the equity of redemption descended on the death of the wife.

In the case at bar there were general debts also for which husband and wife were jointly liable, contracted mainly in improving the joint property, but secured by no liens. The effect of the decree appealed from is to charge the deceased's moiety also with the payment of her share of those debts as prior and superior to the plaintiff's curtesy; for the decree is that the half interest of the decedent be sold to pay the one half of all the debts including the general debts paid by the plaintiff, free of his curtesy, plaintiff and defendant Gore to share in the surplus proceeds on the basis of a life estate therein in the former and the remainder in the latter. Is this a correct interpretation of our law on the subject? As to the lien debts we have already held that the decree is right.

But as to the general and unsecured debts we think the court below was in error. Counsel for the appellee defends the decree upon certain provisions of our Code, sections 1, 2, and 3, chapter 66, prescribing the property rights of a married woman, owned by her and acquired from any person other than her husband, before and after marriage, and her right of disposition thereof; section 3, chapter 86, making real estate of any person dying intestate, etc., assets for the payment of his debts; and section 15, chapter 65, Barnes' Code, 1916, giving curtesy to the husband in lands of which his wife may die seized of an estate of inheritance, whether they had issue born alive as at common law or not. We are also cited in support of this contention to *Miller* v. *Hanna,* (Neb.) An. Cas. 1912C, 573, with note page 577, and 8 R. C. L. 410, sections 23 and 24. The Nebraska case involved the construction of a statute which gave to the husband an estate by the curtesy in his wife's lands *subject to her debts,* and the cases cited in the opinion, and in the note supporting the principal case, involved the same or similar statutes. Our statute does not in specific terms subject the curtesy of the husband to the payment of her debts. True, a wife may by her contracts, under the statute, subject her property to the payment of her debts, and the same, and the rents, issues and profits thereof during her life time, may be sold by decree for the payment thereof; and by deeds or contracts, her husband joining therein, she may encumber her real estate, and render such liens at the time of her death superior to his curtesy. But we can find no warrant in any statute for subjecting his curtesy, consummate on her death, to her general debts. We think the effect of our statute, section 15, of said chapter 65, was to abolish tenancy by the curtesy initiate, but as to tenancy by the curtesy consummate, the husband takes such estate on the death of the wife free from all, except specific liens then existing thereon. It is only in those states like Nebraska, where the statute specifically renders the curtesy of the husband subject to the wife's debts, that the contrary rule has been established. 8 R. C. L. 410, and note. *Miller* v. *Hanna, supra,* and note.

It is further urged in support of the decree that the plain-

tiff is concluded by a former decree in the suit of decedent's administrator against him and Gore, adjudging decedent's land to be sold unless the debts, lien and general, should be paid as therein provided, but which debts were substantially paid off by him and released, and the cause dismissed on that showing by a decree which reserved to Gilkison the right "to seek contribution from the heirs of said Brooke Gilkinson, deceased, by suit for subrogation to the rights of said creditors against the estate of said Brooke Gilkinson, or by other action or suit he may deem proper." It is argued that because the reservation was not also to seek contribution by right of subrogation against the estate of said decedent, he is cut off from that relief as prayed for in his amended bill by the principle of res adjudicata. We do not think this point has any merit. The reservation was comprehensive enough to warrant relief against the wife's estate, even if it amounted to an adjudication.

We are, therefore, of opinion to reverse the decree and to remand the cause with direction to enter and execute a decree in accordance with the principles herein enunciated and by further proceedings according to rules and principles governing courts of equity.

*Decree reversed, and cause remanded.*