# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

## GATEWOOD BY, &C. V. GATEWOOD AND ALS.

### March 24.

1. The right arising from the assignment of a mortgage must be distinguished from a mere right of subrogation to the lien of the mortgage creditor. Assignment is the act of the parties, and depends generally upon intention. When the nature of the transaction is such as imports a payment of the debt and a consequent discharge of the mortgage, there can, of course, be no assignment, for the lien of the mortgage is extinguished by the payment.

2. A mortgage creditor cannot be compelled to assign the debt and mortgage upon receiving payment; all that can be required of him is an acquittance and a release.

3. The exception to this rule, if it can be so termed, is found in those cases where the party making the payment occupies the position of surety for the debt, or is in some way personally bound for its payment. Such a person *may*, in equity, require an assignment or transfer not only of the mortgage itself, but of all the securities held by the creditor for his protection and indemnity; and although no such assignment or transfer is actually made, a court of equity will treat it as done.

4. If the party making the payment does not occupy the position of surety for the debt, as a general rule he cannot claim to be entitled as assignee, unless by agreement with the creditor.

5. Subrogation is the act of the law and the creature of a court of equity, depending not upon contract, but upon the principles of equity and justice. It presupposes an actual payment and satisfaction of the debt secured by the mortgage.

6. It may be laid down as a rule of almost universal acceptance that when there is a mortgage upon real estate, any person who has the right to redeem such mortgage and actually does redeem it, is entitled for his indemnity to be subrogated to the lien of the mortgage and to hold the land until he is reimbursed to the amount so paid.

7. In such case no proof of interest is necessary to keep the mortgage alive and give him the benefit of it. The payment of the mortgage, together with his relation to the estate, is brought in aid of his title to strengthen and uphold it.

8. It is well settled that a judgment creditor, a junior mortgagee, a pur-chaser of the equity of redemption, a tenant in dower, a tenant by cour-tesy, and indeed all persons having an interest in the estate may insist upon the redemption of the mortgage in order to the due enforcement of their claims. Accordingly, a married woman who has relinquished her dower may redeem a mortgage, and thus prevent a disastrous fore-closure and sale of the property including her dower interest.

This was a suit in equity in the circuit court of the city of Richmond, brought by Mrs. Georgiana L. Gatewood, by her next friend, Leroy H. Kemp, against her husband, George W. Gatewood, and others, to compel the said George W. Gatewood to execute an agreement between them by which a parcel of land belonging to her was sold and the proceeds of the sale applied to discharge a debt secured by a deed of trust upon a tract owned by the said George W. Gatewood, and which was to be conveyed to her. The con-troversy in the case was not in fact between the plaintiff and her husband, but between her and judgment creditors of the husband. Subsequent to the deed of trust there was a decree against the claim of the wife, who thereupon ob-tained an appeal to this court. The case is stated by Judge *Staples* in his opinion.

*J. A. Meredith* and *J. G. Blackwell,* for the appellant.

*Kean & Davis,* for the appellees.

STAPLES, J. This is an appeal from a decree of the cir-cuit court of the county of Henrico. The case as exhibited by the record is as follows: In October, 1858, George W. Gatewood executed a trust deed upon a tract of land lying in the county of Henrico, upon which he resided, called

Gatewood, by, &c. v. Gatewood and als.

the "Home Place," to secure the payment of a debt of $5,500 due to James W. Binford. In this deed his wife, Mrs. Georgiana Gatewood, joined, relinquishing her dower interest therein. In the year 1867, Mrs. Gatewood became the owner jointly with her sister, Mrs. Elizabeth Gatewood, wife of Liston T. Gatewood, of a tract of land known as the "Green Meadow Farm," in the county of Henrico, which was conveyed to them by a trustee appointed by their father. Mrs. Gatewood being desirous to retain the home tract, which was encumbered by the deed of trust, entered into an agreement with her husband that she would sell her interest in the "Green Meadow Farm," and with the proceeds of sale pay off the trust deed, upon condition she was secured on the home tract to the extent of her interest in the "Green Meadow Farm." It seems that this agreement was reduced to writing, both the wives uniting. It is in the words following:

"We, Bettie M. Gatewood and Georgiana L. Gatewood, consent to our farm, Green Meadow (given and descended to us by our father), being sold to pay obligations of Mr. George and Liston Gatewood, only on condition that we be secured and receive the same amount from their farms, that our farm, Green Meadow, will sell for and bearing interest until we receive the amount."

With this understanding the "Green Meadow tract" was sold in the year 1868, and Mrs. Gatewood's share of the proceeds, amounting to about $2,000, was thereupon applied to the payment of the debt secured by the deed of trust. No formal release of the deed was ever executed. Nor was anything done in the way of securing to Mrs. Gatewood the payment made with the proceeds of her land. At the time of these transactions, the home tract was subject to the lien of a number of judgments recovered against George W. Gatewood after the execution of the deed of trust.

The existence of these judgments was unknown to Mrs. Gatewood when the sale of her interest in the "Green Meadow tract" was made, and the proceeds invested in the home tract.

Upon this state of facts the judgment creditors insist that the lien of the trust deed has been discharged by the payment of the debt, and as that incumbrance is out of the way, the land is liable to the satisfaction of their judgments; that Mrs. Gatewood having failed to stipulate for an assignment of the trust deed, and being a mere volunteer, cannot claim a right of subrogation to the benefit of the trust creditors.

On the other hand, it has been argued that Mrs. Gatewood must be treated as the equitable assignee of the debt secured by the trust deed, and as such she is entitled to all the rights of the trust creditors. This is the matter of contention between the parties we are now called upon to adjudicate. My first impressions after the argument of this case was concluded were that Mrs. Gatewood, for the want of proper advice, had lost her estate. The injustice of this result was so glaring I determined to give the case a most careful investigation, and that investigation has satisfied me that my first impressions were erroneous. I will now proceed to give the reasons which led me to this conclusion.

In the first place, we must be careful to distinguish between an assignment of the mortgage debt, and a mere right of subrogation to the lien of the mortgage creditor. Assignment is the act of the parties, and depends generally upon intention. Where the nature of the transaction is such as imports a payment of the debt, and a consequent discharge of the mortgage, there can of course be no assignment, for the lien of the mortgage is extinguished by the payment. A mortgage creditor cannot be compelled to assign the debt and mortgage upon receiving payment. All that he can be required to do is to give an acquittance and release.

The exception to this rule, if it can be so termed, is found in those cases where the party making the payment occupies the position of surety to the debt, or is in some way personally bound for its payment.

Such a person *may*, in equity, require an assignment or transfer not only of the mortgage itself, but of all the securities held by the creditor, for his protection and indemnity; and although no such assignment or transfer is actually made, a court of equity will treat it as having been done.

But if the party making the payment does not occupy the position of surety for the debt, as a general rule he cannot claim to be entitled as assignee unless by agreement with the creditor.

Subrogation is, however, a very different thing from an assignment. It is the act of the law, and the creature of a court of equity, depending not upon contract, but upon the principles of equity and justice. It presupposes an actual payment and satisfaction of the debt secured by the mortgage.

But although the debt is paid and satisfied, a court of equity will keep alive the lien for the benefit of the party who made the payment, provided he as security for the debt, " has such an interest in the land" as entitles him to the benefit of the security given for its payment.

It may be laid down as a rule of almost universal acceptance, that where there is a mortgage upon real estate, any person who has the right to redeem such mortgage, and actually does redeem it, is entitled for his indemnity to be subrogated to the lien of the mortgage, and to hold the land until he is reimbursed to the amount so paid. In such case no proof of interest on his part is necessary to keep the mortgage alive, and to give him the benefit of it. The payment of the mortgage, together with his relation to the estate, is brought in aid of his title to strengthen and

uphold it. Jones on Mortgages, § 877; 2 Ibid. § 1086–1110;
1 Lomax, 448.

Mr. Justice Story, after pointing out the persons who are
entitled to redeem the estate from all encumbrance, in order
to make their own claims available, proceeds to say:
"When any such person does so redeem, he or she becomes
substituted to the rights and interests of the original mort-
gagee in the land exactly as in the civil law." This doc-
trine is recognized by all the commentators and in all the
cases. See *Ellsworth* v. *Lockwood*, 42 New York R. 89 ; *Aiken*
v. *Gale*, 37 New Hamp. R. 501; *Robinson* v. *Leavitt*, 7 New
Hamp. R. 77, 99 ; *Barnes* v. *Mott*, 64 New York R. 397 ; *Pardee*
v. *Van Anken*, 3 Barb. R. 534, 537.

Who, then, is entitled to redeem? It is well settled that
a judgment creditor, a junior mortgagee, a purchaser of the
equity of redemption, a tenant in dower, a tenant by cour-
tesy, and indeed all persons having an interest in the estate,
may insist upon the redemption of the mortgage in order
to the due enforcement of their claims. The question
arises, is the wife, the husband still living, entitled to exer-
cise this privilege ? If she is not, it is apparent her right
of redemption after the death of the husband is in many
cases of little value, for after the foreclosure and sale in
the lifetime of the husband the right has gone forever.
Can any good reason be assigned why a married woman
who has relinquished her dower may not, if possessed of
the means, redeem a mortgage and thus prevent a disas-
trous foreclosure and sale of the property including her
dower interest.

Whatever may be the rule elsewhere, in this State no
reasonable doubt on the subject can be entertained. This
court has repeatedly held, that the wife's contingent right
of dower may be the subject of contract and sale. In *Harri-
son* v. *Carroll*, 11 Leigh, 476, Judge Stanard said : The dower
interest of the wife constitutes a valuable consideration,

Gatewood by, &c. v. Gatewood and als.

for a settlement which will be upheld against the claims of creditors; and this doctrine has been reaffirmed and followed in a number of cases. *William and Mary College* v. *Powell*, 12 Gratt. 372. That the dower interest of the wife in the husband's estate is such as entitles her to redeem, seems, therefore, too clear for controversy. Fortunately we are not without express authority on the subject, and very high authority too. In 2d Jones on Mortgages, § 1067, the author, after mentioning persons who may redeem, says: "And even a wife, having only an *inchoate* right of dower, may redeem land from a mortgage in which she has joined with her husband."

The case of *Davis and Wife* v. *Wetherell*, 13 Allen R. 60, is an express decision on the point. It was there said that upon general principles of equity, it is difficult to find a reason why an *inchoate* right of dower should not be protected against extinguishment by the foreclosure of the mortgage. It is (said the court) a right of very peculiar nature; it is a valuable right, which is frequently the subject of contract and bargain; and if a tenant for years, the owner of a mere easement in lands, or a widow before assignment of dower, may bring a bill to redeem a mortgage, it is difficult to understand why a wife, who has a valuable interest, may not support a suit for redemption. The reasoning of the learned judge who delivered the opinion of the court, and the authorities cited by him, would seem to be conclusive of the question.

The same doctrine was unequivocally announced, by a unanimous court, in the subsequent case of *Lamb* v. *Montague*, 112 Mass. R. 352. If there is a single decision or *dictum* to the contrary, I have not been able to find it. In both the Massachusetts cases it was held, that although the wife's interest is of a limited kind, she has the right to protect it and prevent its extinction, by paying off the entire mortgage debt; for the mortgage creditor is not

bound to receive less than the whole amount due him; and the rule seems to be well established, that however partial or limited may be the party's interest in the property, he has the right to protect it by redeeming the mortgage, and he will hold the estate until he is indemnified for the amount he has advanced. 1 Hilliard on Mortgages, p. 371.

These considerations are sufficient to show that the right of subrogation is not founded upon any supposed assignment of the mortgage debt, but upon its actual payment and extinction by a person who is bound as surety for the same, or who is interested in the mortgage estate.

So far has this doctrine been carried that the courts, in behalf of purchasers and others entitled to redemption, have re-established mortgages which have been discharged of record in ignorance of the existence of judgment liens acquired subsequent to the mortgage. In many cases the courts will keep the encumbrance alive, or consider it extinguished, as will best secure the purposes of justice and the just intentions of the parties. Indeed, the mortgage will be kept on foot, if necessary for the purposes of justice, although the interests of the mortgagee and the equity of redemption unite in the same person. It has been very properly said, the doctrine of subrogation, at first applied in behalf of those who were bound by the original security with the debtor, has been greatly enlarged and the principles modified to meet the circumstances of cases that have arisen between different classes of sureties and creditors, so as to do substantial justice and equity in each case. *Barnes* v. *Mott,* 64 New York R. 397; *Barnes* v. *Camack,* 1 Barb. 392; Ibid. 76; *Robinson* v. *Leavitt,* 7 New Hamp. R. 79; *Starr* v. *Ellis,* 6 John. Ch. R. 393; *Neimcewicz* v. *Ghan,* 3 Paige R. 614; 1 Jones on Mortgages, § 976; 1 Hilliard, 372; 1 Herman on Mortgages, § 185, p. 244.

What has been already said is in perfect harmony with the expressions of this court in *Clevinger* v. *Miller,* 27 Gratt.

'740, that subrogation is not enforced in behalf of mere vol-teers, but only in favor of sureties and *others who are required to pay in order to protect their own interests.* The party must stand in such a situation with respect to the debt, or the property, that it is his duty or his interest to pay the debt for his own protection.

If these principles are sound, they are conclusive of the present case. It is not necessary to enquire what was the purpose of Mrs. Gatewood in paying off the trust deed; the effect of it was to restore her contingent right of dower in the property which had been relinquished only in favor of the trust creditor.

In making the payment Mrs. Gatewood had stipulated she should be made secure by a lien on the "Home Place." That result is obtained by according to her a right of sub-rogation. In doing so no rule of law is violated; for although she is not a surety for the debt, she has such an interest in the estate as relieves her from the charge of being a mere volunteer, and entitles her to be substituted to the lien of the creditor whose debt she has paid.

The judgment creditors have no just ground of complaint. Their judgments were recovered subject to the incumbrance of the trust deed, and all they can claim will be any surplus remaining after the discharge of the trust debt. If, by the application of the technical rules of the law, they could claim all the benefit of a payment made with the appellant's money, the injustice of such a result is so palpable that no impartial man could behold it without regret. Fortunately, justice can be done to all parties consistently with sound principles of law.

My opinion, therefore, is, that Mrs. Gatewood is entitled to stand in the shoes of the trust creditors to the full extent of the amount advanced by her, and to be first paid out of the trust fund. The judgment creditors are entitled, on their part, to a sale of the land if they desire it, and to any

surplus of the proceeds of sale remaining after the payment of what is due to Mrs. Gatewood. And whether George W. Gatewood, the debtor, had, as tenant by courtesy, any such interest in the "Green Meadow Farm," or in the proceeds of sale invested in the "Home Place," as the appellees might subject to their judgments, is a question which is not presented by this record, and which, therefore, has not been decided or even considered in this case.

The decree of the circuit court must be reversed, and a decree entered in conformity with the views herein expressed.

The other judges concurred in the opinion of *Staples*, J.

The decree was as follows:

The court is of opinion, for reasons stated in writing and filed with the record, that the appellant, Mrs. Georgiana L. Gatewood, is entitled to be substituted to the lien of the trust deed executed by George W. Gatewood on the 9th of October, 1858, for the benefit of James W. Binford, to the full amount of the sum advanced by or for her, out of the proceeds of the Green Meadow Farm; and she has the right to hold the land embraced in said deed as security for the money so advanced; and the circuit court erred in holding otherwise. It is therefore ordered and decreed, that the decree of the said circuit court be reversed, &c.

The court is further of opinion, however, that the appellee and other creditors whose judgments constitute a lien upon said tract of land, conveyed by said deed of trust, are entitled, if they so desire, to a sale of said tract, and to any surplus of proceeds remaining after satisfying the amount due Mrs. Gatewood, as aforesaid.

This court, however, is not to be understood as passing upon any supposed right of the said George W. Gatewood,

as tenant by the courtesy in the Green Meadow Farm, or in its proceeds as invested in the Home Farm ; or upon the question of Mrs. Gatewood's exclusive right to said property, or her just claim to an equitable settlement as against her husband's creditors.

None of these questions are presented by the record, and are not properly before us for consideration.

DECREE REVERSED.