Statement.

# Wytheville.

## COMBS AND OTHERS V. CANDLER AND OTHERS.

### JULY 15, 1897.

1. SUBROGATION—*Satisfaction of Debt by Surety.*—Before a surety is
   entitled to be subrogated to the rights of the creditor he must have
   paid or satisfied the debt of the principal. The mere execution of a
   bond to a creditor is not sufficient, unless it be accepted in satis-
   faction of the debt of the principal. There must be satisfaction by
   the surety.

Appeal from a decree of the Corporation Court of the city of
Bristol, pronounced March 11, 1896, in a suit in chancery,
wherein the appellees were the complainants, and the appellants
were the defendants.

*Reversed*   .

The appellees, who were complainants in the court below, had
purchased lands of Joseph Combs. There were judgments
against Combs before he conveyed to the appellees, and their
lands had been sold, in proceedings had for that purpose, to pay
these judgments. Each of these vendees purchased his own
lands, paid the cash payments required, and gave bonds for the
deferred payments. The aggregate of these bonds was suffi-
cient to pay the judgments. After these sales had been made
the appellees state that they discovered that the said Joseph
Combs was solvent; that he was the owner of valuable real
estate in the city of Bristol, which he had conveyed to his wife,
with intent to hinder, delay, and defraud his creditors. The
bill in this cause was filed to have complainants subrogated to
the rights of the judgment creditors, to have set aside the

deed from Combs to his wife, and to subject the property conveyed thereby to the lien of said judgments. The bill alleges that the judgment creditors had accepted the bonds aforesaid of the complainants in payment of the judgments. There was a decree in favor of the complainants, and the defendants appealed.

*Rhea & Peters* and *H. W. Sutherland,* for the appellants.

*Fulkerson, Page & Hurt, J. C. Gent* and *J. S. Ashworth,* for the appellees.

BUCHANAN, J., delivered the opinion of the court.

The bill in this case was filed by the vendees of land for the purpose of being subrogated to the rights of creditors who had subjected those lands in their hands to satisfy a judgment against their vendor, and which was a lien on the lands when they purchased them. They allege in the bill, among other things, that the lands have been sold, and that they themselves became the purchasers, paid the costs of the suit and sale in cash, and executed their bonds, with sureties, to the commissioner of the court for the deferred payments. It is also alleged in the bill, which was filed before the first purchase money bond became due, that the amount of the bonds is equal to the sum due from their vendor, that they were executed in liquidation of that indebtedness, and were accepted by the lien creditors in payment of their lien or decree. The record shows that the amount of the bonds is equal to the lien debt, but there is no proof that the lien creditors have accepted the bonds in satisfaction of their debt.

The doctrine is well settled that before a surety is entitled to be subrogated to the rights of the creditors against the principal debtor he must have actually paid or satisfied the debt, but it is not necessary that he should have paid it in money—but if

the creditor receives either property, negotiable paper, or other securities from him in full satisfaction of the demand, it is generally sufficient to entitle him to be subrogated to the rights of the creditors against the party for whom he has thus made payment.  Brandt on Suretyship, &c., secs. 249, 250, 261; Sheldon on Subrogation, secs. 127 to 129; *Gatewood* v. *Gatewood,* 75 Va. 407; *Tarr* v. *Ravenscroft,* 12 Gratt. 642.

The appellees by purchasing their own lands at the judicial sale, and executing their bonds to the commissioner of the court, did not pay nor satisfy the debt for which the land was sold, and having fail to prove, as they alleged in their bill, that the creditors had accepted those bonds in payment and satisfaction of the debt, they had no right of subrogation when their suit was brought.

For this reason the decree complained of must be reversed, and the bill be dismissed, but without prejudice to the rights of the appellees.

*Reversed.*