## Richmond.

ASHWORTH AND OTHERS v. BROWN AND OTHERS.

November 17, 1910.

Absent, Cardwell, J.

1.  HUSBAND AND WIFE—*Conveyance from One to the Other—Consideration.*—Where a wife unites with her husband in the sale and conveyance of her fee-simple lands upon the express condition at the time that he will convey to her other real estate of equal value, and he subsequently does so, this is a sufficient consideration for the conveyance to the wife, and it is good against subsequent creditors of the husband.

Appeal from a decree of the Circuit Court of Wise county. Decree for the defendant. Complainants appeal.

*Affirmed.*

The opinion states the case.

*Bond & Bruce*, for the appellants.

*W. S. Mathews*, for the appellees.

KEITH, P., delivered the opinion of the court.

The appellants, Ashworth, Kilgore and Bond, trustees of the estate of R. L. Brown, a bankrupt, filed their bill in the Circuit Court of Wise county, claiming that in September, 1905, R. L. Brown purchased from divers parties a number of lots; that at the time of the purchase Brown owed large sums of money to various creditors, whose debts had been scheduled in the list of liabilities filed by him as a bankrupt; that the lots aforesaid were purchased by Brown with his

own money, and that with his own means he erected upon them a valuable house, and caused the deeds to said lots to be made to his wife, without any consideration having passed from his wife to him; that his purpose was to hinder, delay and defraud his creditors; and that his wife, Laura I. Brown, had notice of and participated in his fraudulent intent.

Brown and his wife answered this bill and denied that Brown purchased the lots with his own money, but aver that on the contrary they were purchased with money which Brown had received from his wife as the purchase price of a lot sold to R. P. Barron.

By deed dated the 16th of March, 1901, a lot was conveyed by Beverley and wife to Laura I. Brown. Upon this lot R. L. Brown, the husband, built a house, the lot being valued at about $200 and the house at from $2,500 to $3,000. At the date of this transaction, Brown was not in debt. Subsequently he undertook to sell this house and lot to R. P. Barron, but when he came to make the deed to Barron, in 1904, Mrs. Brown refused to make title to the property until the husband promised that if she would sign the deed he would build her another house of equal value. Barron, who purchased the property, explicitly states, that the wife refused to sign the deed until this promise was made to her by her husband, and the promise being made in accordance with her demand she executed the deed for this property. Barron further states that at the date of the deed from Beverley to Mrs. Brown, R. L. Brown, the husband, was in good financial condition, and that the value of the house and lot was about $3,000. The testimony of J. B. Ayers is to the same effect.

In *Gatewood* v. *Gatewood*, 75 Va. 412. it is said: "This court has repeatedly held. that the wife's contingent right of dower may be the subject of contract and sale. In *Harrison* v. *Carroll*, 11 Leigh, 476, Judge Stanard said: 'The dower interest of the wife constitutes a valuable consideration for a settlement, which will be upheld against the claims

of creditors;' and this doctrine has been reaffirmed and followed in a number of cases."

In *Keagy* v. *Trout*, 85 Va. 401, 7 S. E. 335, it is said, that "where the wife relinquishes an interest in her husband's estate in consideration of a settlement upon her, and the deed of relinquishment and the deed of settlement are contemporaneous, or made about the same time, so that it may be reasonably presumed that the two deeds are parts of the same transaction, the court will so presume, and will look upon the relinquishment as the consideration which produced the settlement."

See also *William & Mary College* v. *Powell*, 12 Gratt. 387.

If the relinquishment of the wife's interest in the real estate of her husband be a sufficient consideration to support *pro tanto* a settlement in her favor, then *a fortiori* will a conveyance by her of real estate to which she has the title in fee simple, made at the instance of her husband upon the express condition that he will convey to her other real estate of equal value, be a sufficient consideration to support it.

In *Burwell* v. *Lumsden*, 24 Gratt. 443, 18 Am. Rep. 648, it was held, that if a married woman relinquishes her claim for dower on the faith of a settlement of other property made by her husband, or even if she make a relinquishment under a mere promise that other property shall be settled upon her as compensation, in either case such settlement in her favor will be held good to the extent of a just compensation for the interest so relinquished. If the value of the property exceeds the value of the dower or other interest relinquished by the wife, the deed will be vacated as to the excess, and supported as to the residue. In the absence of fraud the settlement will not be disturbed unless it manifestly appears to be grossly excessive."

In *Payne* v. *Hutcheson*, 32 Gratt. 812, the facts were as follows: In March, 1862, H. sold the farm on which he lived for $22,500. His wife refused to join in the deed, and he

proposed to her to buy land and build on it, and have it conveyed in trust for her and her children, and upon that consideration she executed the deed. Hutcheson bought the land for $3,200 and built on it. They lived on it, and it was recognized as hers; but the deed to the trustee was not made until April, 1867. At the time of the contract Hutcheson was not seriously indebted, and these debts were paid off before April, 1867. In April, 1867, Hutcheson qualified as administrator of D's estate and wasted it, and died in 1871, insolvent. Upon a bill by the distributees of D, to set aside the deed, it was held, that "There having been no fraud in the arrangement between Hutcheson and his wife, the contract between them is valid, and though the deed to the trustee was not made until April, 1867, the title of the wife is good against the creditors of her husband, they having become such since the date of the agreement between him and his wife in 1862.

We are of opinion that there is no error in the decree of the circuit court, which is affirmed.

*Affirmed.*