973 F.2d 318
 23 Bankr.Ct.Dec. 589, Bankr. L. Rep. P 74,809
 In re Samuel Joseph GERIS, Sr., Debtor.
SARATOGA GROUP, LTD.; R. Donald Honeycutt; Sidney Worley,
Jr., Plaintiffs-Appellants,
v.
PEOPLES NATIONAL BANK; Robert Lawrence, IV; Walker, Jones,
Lawrence, Payne & Duggan, P.C.; Martin & Walker,
P.C., Trustee; Samuel Joseph Geris,
Sr.; J. Frank Supplee, IV,
Defendants-Appellees.
 No. 91-1856.
 United States Court of Appeals,
Fourth Circuit.
 Argued April 8, 1992.
Decided Aug. 19, 1992.
As Amended Sept. 28, 1992.
 
 Paul Dennis Scanlon, Manassas, Va., argued, for plaintiffs-appellants.
 Stephen Scott Mitchell, McKinley, Schmidtlein & Mitchell, Alexandria, Va., argued, Robert G. Mayer, Fairfax, Va., on brief, for defendants-appellees.
 Before PHILLIPS and NIEMEYER, Circuit Judges, and WARD, Senior District Judge for the Middle District of North Carolina, sitting by designation.
 OPINION
 PHILLIPS, Circuit Judge:
 
 
 1
 The question on appeal is whether the 11 U.S.C. § 362(a) automatic stay provision of the Bankruptcy Code prevents foreclosure on a deed of trust under circumstances where the real estate involved is not owned by the debtor, but the debtor is liable for the indebtedness underlying the deed of trust. The bankruptcy court held and the district court affirmed that the automatic stay provision does not prevent foreclosure under these circumstances. We agree and affirm.I
 
 
 2
 In May 1987, appellant Saratoga Group, a Virginia corporation, purchased from Samuel Geris, one of the corporation's three shareholders, 3.7293 acres of real property located in Manassas, Virginia, for $717,102.75. Saratoga Group financed the purchase of the Manassas property (1) by obtaining a $400,000 loan from appellee Peoples National Bank of Warrenton, Virginia, which was evidenced by a promissory note executed by Saratoga Group, endorsed by Geris and the other principals of the corporation, including appellants R. Donald Honeycutt and Sidney Worley, Jr., on behalf of Saratoga Group, and secured by a deed of trust on the Manassas property; and (2) by executing a $317,102.75 note in favor of Geris, secured by a second deed of trust on the Manassas property, due and payable in April 1988.
 
 
 3
 In August 1987, Geris pledged the $317,102.75 note to the Blakely Bank and Trust of Blakely, West Virginia. When Geris's obligation to Blakely Bank and Trust came due in the spring of 1988, payment was demanded of Saratoga Group on the $317,102.75 note. Together, Geris and Saratoga arranged to borrow $300,000 from Peoples National Bank, which was paid over to Blakely Bank and Trust for release of the Saratoga Group note. Both Geris and Saratoga Group are obligated to Peoples National Bank for payment of this $300,000 loan, which was also secured by a deed of trust on the Manassas property.
 
 
 4
 In June 1988, Geris sold his interest in Saratoga Group to R. Donald Honeycutt and Sidney Worley, Jr., in exchange, inter alia, for their agreement to indemnify Geris against any liability he had incurred as guarantor or comaker of the debts of the corporation.
 
 
 5
 Geris filed a Chapter 11 petition in bankruptcy in May 1990. At about the same time, Saratoga Group fell into default on the original $400,000 obligation to Peoples National Bank. On July 27, 1990, the bank foreclosed on the deed of trust securing the obligation and sold the Manassas property at public auction. There were no bidders on the Manassas property other than Peoples National Bank, which bought the property for $300,000, an amount at which the property recently had been appraised.[1]
 
 
 6
 On November 9, 1990, Saratoga Group and shareholders Honeycutt and Worley filed an adversary complaint in the bankruptcy court exercising jurisdiction over the Geris Chapter 11 proceeding. The complaint alleged that the foreclosure sale of the Manassas property violated the automatic stay provision of 11 U.S.C. § 362(a)[2] and was therefore void. After motions to dismiss for lack of jurisdiction, failure to state a claim for relief, and lack of standing were filed by both Peoples National Bank and Geris, Saratoga Group amended its complaint. After hearing oral argument and granting Saratoga Group leave to amend its complaint, the bankruptcy court ruled that Saratoga Group had sufficient standing to raise the issue of whether the automatic stay provisions had been violated, but held that the automatic stay did not apply to Peoples National Bank's action against Saratoga Group as codebtor on the $400,000 note, nor against the bank's foreclosure sale of the Manassas property, which secured the debt, since the property was not owned by Geris, the debtor in bankruptcy, who alone was entitled to the protection of the 11 U.S.C. § 362(a) automatic stay, and then only with respect to property of the bankruptcy estate. The bankruptcy court accordingly dismissed the amended complaint pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief could be granted.
 
 
 7
 Saratoga Group appealed the bankruptcy court ruling to the district court, which, after considering the briefs of the parties and oral argument, affirmed the order of the bankruptcy court. This appeal followed.
 
 II
 
 8
 Saratoga Group argues on appeal that even though Geris had no ownership interest in the Manassas property, Geris had a right to redeem the debt the property secured because he was an obligor on the $400,000 Saratoga Group note held by Peoples National Bank that was secured by a deed of trust on the Manassas property. Citing In re Bialac, 712 F.2d 426 (9th Cir.1983), Saratoga Group contends that the right to redeem was property of the Geris estate in bankruptcy, and as such, was subject to the protection of the automatic stay created by Geris's filing of a Chapter 11 bankruptcy petition. Unlike Geris, however, the debtor in Bialac owned a 1/6th interest in the property at issue, a promissory note payable to the debtor and other parties, that was put up as security for a judgment debt, and the debtor was jointly and severally liable for the entire judgment secured by the note. Construing the Arizona statute giving debtors a right of redemption in such cases, the court found that "[t]he only time a debtor does not have redemption rights is when the debtor and the owner of the property are not the same person, in which case the owner has the right to redeem." Id. at 430 (citing Ariz.Rev.Stat.Ann. § 44-3105(4)). Because the debtor in Bialac had an ownership interest in the collateral upon which foreclosure was sought, he had a preforeclosure right to redeem the collateral.
 
 
 9
 In the present case, Geris, the debtor, has no ownership interest in the collateral, the Manassas property. Saratoga Group argues, however, that under Virginia law, the interest of an obligor secured by a deed of trust on property he does not own is an equitable interest. Saratoga Group cites the venerable case of Gatewood v. Gatewood, 75 Va. 407 (1881), for this proposition, but its reliance on Gatewood is misplaced. In that case, Mrs. Gatewood paid off a deed of trust note on property owned by her husband. There were several judgment liens against the property and the judgment lien creditors sought to collect against the property, arguing that the deed of trust had been discharged, leaving the property unencumbered to satisfy their judgment liens. While the court held that payment and satisfaction of the deed of trust note would ordinarily discharge the lien of the deed of trust holder, "the court of equity will keep alive the lien for the benefit of the party who made the payment, provided he as security for the debt 'has such an interest in the land' as entitles him to the benefit of the security given for its payment." 75 Va. at 411.
 
 
 10
 "It may be laid down as a rule of almost universal acceptance," the court went on to note in Gatewood, "that where there is a mortgage upon real estate, any person who has a right to redeem such mortgage, and actually does redeem it, is entitled for his indemnity to be subrogated to the lien of the mortgage." Id. And it is "well settled that a judgment creditor, a junior mortgagee, a purchaser of the equity of redemption, a tenant in dower, a tenant by courtesy, and indeed all persons having an interest in the estate, may insist upon the redemption of the mortgage in order to the due enforcement of their claims." Id. at 412. Gatewood added to the list of "persons having an interest in the estate" one who has an inchoate dower interest in property subject to a mortgage lien. Unlike Mrs. Gatewood, who had a protectible inchoate dower interest in her husband's property, Geris has no comparably cognizable property interest in the Manassas property. Saratoga Group suggests that such an interest might be the preservation of as much of the Geris bankruptcy estate as possible by limiting its exposure on the debt secured by the Manassas property. The argument is as follows: If the foreclosure sale stands, Geris, as an obligor on the underlying debt, is liable for the deficiency;[3] if Geris had a right to redeem the debt, he could pay it off, which would entitle him to equitable assignment of Peoples National Bank's interest in the Manassas property, and could then sell the property at a price more favorable than that which foreclosure sales typically bring.
 
 
 11
 Certainly Geris has an interest, and a material one, in having the value of the Manassas property maximized, insofar as it bears directly on the size of the deficiency for which he may be obligated to Peoples National Bank. But if we were to accept this interest as sufficient to invoke in Saratoga's favor the automatic stay provision of 11 U.S.C. § 362(a), we would be cutting off foreclosure rights of secured creditors in any property standing as security for a debt that happened to be guaranteed by a bankrupt. This cannot have been an intended function of the automatic stay provision, any more than it was intended to prevent a secured creditor from collecting from or foreclosing on the property of a bankrupt debtor's guarantors, Credit Alliance Corp. v. Williams, 851 F.2d 119 (4th Cir.1988), or codebtors, Otoe County National Bank v. W & P Trucking, Inc., 754 F.2d 881 (10th Cir.1985).
 
 
 12
 The interest Geris has in seeing that the value of the property, when sold to satisfy the debt, is maximized, thereby limiting the exposure of the bankruptcy estate on the underlying debt, is far too attenuated to warrant extending the automatic stay protections of the Bankruptcy Code to prevent Peoples National Bank from foreclosing on the Manassas property.[4] Accordingly, we affirm the decision of the district court affirming the bankruptcy court's dismissal of Saratoga Group's action to bring the foreclosure sale of the Manassas property under the automatic stay provision of 11 U.S.C. § 362(a).
 
 
 13
 AFFIRMED.
 
 
 
 [1]
 In 1990, the City of Manassas had assessed the property at $966,200
 
 
 [2]
 In particular, Saratoga Group alleged that the foreclosure and sale violated 11 U.S.C. § 362(a)(6), which provides that a petition in bankruptcy operates as a stay of "any act to collect, assess, or recover a claim against the debtor that arose before the commencement" of the bankruptcy proceeding
 
 
 [3]
 Peoples National Bank has filed a proof of claim against Geris for this deficiency in Geris's Chapter 11 bankruptcy proceeding
 
 
 [4]
 We note that Geris already acted to limit his exposure on obligations of Saratoga Group when he obtained from the corporation an agreement to indemnify him against any such obligations in exchange for his interest in the corporation