**In re William S. HUDGINS and Littleton C. Hudgins, Debtors.**

**William S. HUDGINS and Littleton C. Hudgins, Plaintiffs,**

**v.**

**LIFE SAVINGS BANK and First Colony Service Corp., Defendants.**

**Bankruptcy No. 92–23441–T.**
**Adv. No. 92–2260.**

United States Bankruptcy Court,
E.D. Virginia,
Norfolk Division.

April 12, 1993.

---

Allen S. Buffenstein, David D. Hopper, Mezzullo & McCandlish, Richmond, VA, for debtors.

John J. O'Keefe, III, Outland, Gray, O'Keefe & Hubbard, Chesapeake, VA, for defendants.

## MEMORANDUM OPINION

DOUGLAS O. TICE, Jr., Bankruptcy Judge.

This adversary proceeding comes before the court on motion by Life Savings Bank to dismiss debtor's complaint. Under count I debtors seek damages for violation of the automatic stay, and under count II debtors seek injunctive relief to prevent foreclosure on property owned by a non-debtor partnership in which both debtors are general partners. Under count I the debtors argue that the automatic stay of 11 U.S.C. § 362 extends to their interest in specific non-debtor partnership property, and in the alternative under count II debtor argues that the court should issue an injunction to prevent the foreclosure pursuant to 11 U.S.C. § 105.

The bank argues that debtors have failed to state a claim upon which relief can be granted in either count because the property it seeks to foreclose upon is not property of the estate under any legal theory, and the facts do not warrant an injunction under § 105.

For the reasons stated in this memorandum opinion the court grants the banks motion to dismiss count I but denies the bank's motion to dismiss count II.

### Facts

In June of 1992, involuntary chapter 7 bankruptcy petitions were filed against debtors Littleton C. Hudgins and William S. Hudgins. Debtors converted their cases to chapter 11 on July 9, 1992, and on September 4, 1992, these cases were ordered jointly administered.

Debtors are general partners in a Virginia General Partnership known as Hudgins Brothers, Mosser & Scrimshaw ("partner-

ship"). Life Savings Bank ("bank") is the beneficiary of a deed of trust on property located at 141 Sykes Avenue in Virginia Beach ("property") owned by the partnership. The partnership is in default under the terms of the deed of trust, and the bank has initiated foreclosure proceedings against the property.

The partnership is not in bankruptcy.

## Position of Parties

DEBTORS.

Debtor argues that the property upon which the bank seeks to foreclose in this case is property of their bankruptcy estate notwithstanding the fact that it is owned by a non-debtor partnership. Property of the estate is interpreted broadly, *United States v. Whiting Pools, Inc.*, 462 U.S. 198, 103 S.Ct. 2309, 76 L.Ed.2d 515 (1983), and courts look to state law when determining a debtor's interest in property. *Butner v. United States*, 440 U.S. 48, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979).

Accordingly, debtors argument centers on Virginia Code § 50–24(1) which states that a partner has a right "in specific partnership property." Va.Code Ann. § 50–24(1). Debtors assert this "right" is a "legal or equitable interest in property" pursuant to 11 U.S.C. § 541(a). As such, the specific property owned by the non-debtor partnership in this case is part of their bankruptcy estate and subject to the automatic stay provisions of 11 U.S.C. § 362.

In the alternative, debtor argues they should be afforded the opportunity to put on their evidence as to why the court should grant an injunction pursuant to 11 U.S.C. § 105.

BANK.

The bank argues that the law is uniformly settled that specific partnership property owned by a partnership is not subject to the automatic stay in 11 U.S.C. § 362 when one of the partners, as an individual, files a petition in bankruptcy.

Moreover, bank argues that debtors have not pleaded facts upon which the court can or should issue an injunction pursuant to 11 U.S.C. § 105.

## Discussion and Conclusions of Law

COUNT I.

■ This court recently considered a debtor's attempt to extend the automatic stay to the specific assets of a corporation in which the debtor alleged a stock interest. *See Murray v. Mares (In re Murray)*, 147 B.R. 688, 690 (Bankr.E.D.Va.1992). I held in *Murray* that the debtor's interest in her late husband's corporate entities, if any, was in the stock of corporation and not the specific assets of the corporations. I reached this conclusion despite the fact that in some instances the debtor's late husband was the sole stockholder. Therefore, I concluded that the debtor's attempt to extend the automatic stay from her bankruptcy case to specific non-debtor corporate property must fail.

Although in this case the debtors are general partners in a partnership as opposed to stockholders in a corporation, I am compelled to reach the same conclusion.

Debtors urge the court to focus on a particular subsection of the Uniform Partnership Act as incorporated in the Virginia Code. Section § 50–24(1) does state that a partner has "rights" in specific partnership property, but it is a tremendous leap to conclude from this subsection that the specific property of every partnership in which these debtors are partners is subject to the automatic stay in this bankruptcy proceeding. As the debtors forthrightly point out in their brief this argument has been uniformly and summarily rejected by courts. *See* 3 David G. Epstein, *et al.*, Bankruptcy, *Staying Creditors—Automatic Stay Section 362*, § 11–35 (West 1992) (citing *Venture Properties, Inc. v. Norwood Group, Inc. (In re Venture Properties)*, 37 B.R. 175, 176 (Bankr.D.N.H.1984)); *see also Dominican Fathers of Winona v. Dreske (In re Dreske)*, 25 B.R. 268, 270 (Bankr. E.D.Wis.1982). In fact, there is no direct case authority to support debtors' position.

I believe the recent Fourth Circuit decision in *Saratoga Group, Ltd. v. Peoples National Bank (In re Geris)*, 973 F.2d 318 (4th Cir.1992) is instructive. In *Geris* the

issue was whether a debtor, who was an obligor on the underlying debt on particular property to be foreclosed, could prevent foreclosure on the property owned by a non-debtor based upon an alleged equitable interest in minimizing any potential deficiency claim. The Fourth Circuit ruled that the automatic stay in 11 U.S.C. § 362 does not extend to property not owned by the debtor notwithstanding the debtor's material interest in having the value of the property maximized. Specifically, the court stated:

> Certainly ... [the debtor] ... has an interest, and a material one, in having the value of the ... property maximized, insofar as it bears directly on the size of the deficiency for which he may be obligated to ... [the bank.] ... But if we were to accept this interest as sufficient to invoke in the ... [non-debtor's] ... favor the automatic stay provision of 11 U.S.C. § 362(a), we would be cutting off foreclosure rights of secured creditors in any property standing as security for a debt that happened to be guaranteed by a bankrupt. This cannot have been an intended function of the automatic stay provision, any more than it was intended to prevent a secured creditor from collecting from or foreclosing on the property of a bankrupt debtor's guarantors ... or codebtors....

*In re Geris*, 973 F.2d at 321.

In this case debtors are seeking to preserve potential equity in the property that may flow through the partnership and benefit their estates, as opposed to preventing a potential deficiency claim as in *Geris*.

However, the principle remains the same. The automatic stay provision of 11 U.S.C. § 362(a) applies only to debtors in bankruptcy and then only to their property.

The Hudgins Brothers, Mosser & Scrimshaw partnership is not in bankruptcy, and I will not extend the automatic stay in the debtors bankruptcy case to property owned by the non-debtor partnership on the basis that the debtors allegedly have "rights" in specific partnership property. In my view debtors interpretation of the Uniform Partnership Act is misguided. When the statute is examined as a whole the provision allegedly giving partners "rights" in specific partnership property is at best a misnomer, and at the least woefully insufficient to warrant invoking the automatic stay.

■ Section 50–25 of the Virginia Code completes the picture the debtors seem to ignore.[1] This section methodically removes all the traditional incidents of ownership a partner may have in his individual capacity in specific partnership property. First, a partner's "right" to specific partnership property is subject to any partnership agreement entered into between the parties.[2] *See* Va.Code Ann. § 50–25(B)(1) (Michie 1989 & Supp.1992). Second, a partner's "right" in specific partnership property does not include the right to exclusive possession or any right of possession except for partnership purposes. *See* Va. Code Ann. § 50–25(B)(1). Third, a partner's "right" in specific partnership property is non-transferable and is subject to attachment only on a claim against the partnership. *See* Va.Code Ann. § 50–25(B)(2)

---

1. The nature of a general partner's right in specific partnership property is a statutorily defined one referred to as a "tenant in partnership." This is not the equivalent of a tenant in common, although the tenant in partnership is converted to a tenant in common once the partnership winds up. In contrast to the full possessory rights of a tenant in common, the rights of tenant in partnership are quite limited. *See* Ralph C. Anzivino, Partner and Partnership Bankruptcy, *Property of the Partner's Estate* § 3.2 (1987). For example, it has been held that a partner cannot claim as exempt a partnership bank account a property of the partner's estate where there was no proof that all the general partners consented to the claim. *See* Ralph C. Anzivino, Partner and Partnership Bankruptcy,

*Property of the Partner's Estate* § 3.2 (1987) (citing *In re Gagnon*, 26 B.R. 926 (Bankr.M.D.Pa. 1983)).

2. The debtors did not present any partnership agreement to support their argument. Instead, they rely solely on § 50–24(1). Therefore, the court does not know whether a partnership agreement even exists, or if so, whether it strengthens or weakens debtors "rights" to specific partnership property. Nor is the court aware of other partners who may have an interest in this partnership or whether they have a position with regard to the relief requested by debtors.

& (3). Fourth, if a partner's "right" in specific partnership property has been attached by creditors of the partnership it cannot be claimed under homestead or exemption laws. *See* Va.Code Ann. § 50–25(B)(3). And finally, upon death a partner's "right" in specific partnership property flows to his partners and is not subject to statutory rights of a surviving spouse or children. *See* Va.Code Ann. § 50–25(B)(4) & (5).

I disagree with debtors' argument that these are mere restrictions that should not effect the court's determination as to whether this alleged "right" in specific partnership property constitutes a legal or equitable interest in property for the purposes of bankruptcy law. Traditionally, a partner's interest in a partnership is viewed as his share of the profits and surplus which constitutes personal property under state law. *See* Va.Code Ann. § 50–26 (Michie 1989). It is not disputed that this is a legal or equitable interest in property for the purposes of bankruptcy law. However, a partner's alleged "rights" in specific partnership property is dubious and has been uniformly held not to constitute a legal or equitable interest in property for the purposes of bankruptcy law. *See, e.g., Venture Properties, Inc. v. Norwood Group, Inc. (In re Venture Properties)*, 37 B.R. 175, 176 (Bankr.D.N.H.1984).[3]

Accordingly, defendants motion to dismiss count I of the complaint will be granted.

COUNT II.

 Count II of debtors' complaint asks for injunctive relief pursuant to 11 U.S.C. § 105(a), and although the burden on the movant is quite high under § 105 the court clearly has the authority to issue such an injunction. *See F.T.L., Inc. v. Crestar Bank (In re F.T.L., Inc.)*, 152 B.R. 61 (Bankr.E.D.Va.1993). Accordingly, I believe the defendant's motion to dismiss this count of the complaint for failure to state a claim upon which relief can be granted is inappropriate. The complaint alleges enough facts to warrant going forward to trial on this count.

Accordingly, defendant's motion to dismiss count II of the complaint will be denied.

A separate order will be entered.

---

**3.** Courts that have reached a different result have actually issued a separate injunction pursuant to the court's equitable power under 11 U.S.C. § 105, which the court in *Venture Properties* was unwilling to do. *See TRS, Inc. v. Peterson Grain & Brokerage Company, Inc. (In re TRS, Inc.)*, 76 B.R. 805 (Bankr.D.Kan.1987); *In re Monroe Well Service, Inc.*, 67 B.R. 746 (Bankr.E.D.Pa.1986); *Peoples Bankshares, Ltd. v. Department of Banking (In re Peoples Bankshares, Ltd.)*, 68 B.R. 536 (Bankr.N.D.Iowa 1986); *see also* Barry L. Zaretsky, *Co–Debtor Stays in Chapter 11 Bankruptcy*, 73 Cornell L.Rev. 213 (1988). This issue will be decided at trial.