In re: Stefan **BOSTANIAN**, Debtor,

Stefan Bostanian, Appellant,

v.

American Hilton Corporation; Liberty Savings Bank; California Federal Bank; George Bostanian; Vartanoush Bostanian; Edward M. Molkowitz, Chapter 7 Trustee; U.S. Trustee, Appellees.

No. 01–56364, 01–56368.
BAP No. CC–00–01613–BKMa.
BAP No. CC–00–01614–BKMa.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 3, 2002.

Decided July 1, 2002.

Before FERNANDEZ, WARDLAW and W. FLETCHER, Circuit Judges.

MEMORANDUM *

As the facts are known to the parties, we do not recite them here except as necessary to explain our decision. We review the decision of the Bankruptcy Appellate Panel ("BAP") de novo. *In re Scovis*, 249 F.3d 975, 980 (9th Cir.2001). The bankruptcy court's findings of fact are reviewed for clear error, and its conclusions of law are reviewed de novo. *Id.*

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. For clarity, we refer to each of the Bostanians by his or her first name.

Stefan Bostanian ("Stefan")[1] alleges that appellees Liberty Savings Bank ("Liberty")[2] and California Federal Bank ("Cal Fed") willfully violated the automatic stay in his bankruptcy proceeding in violation of 11 U.S.C. § 362(a). Stefan seeks damages pursuant to 11 U.S.C. § 362(h). We affirm the decision of the BAP.

Stefan conveyed his interest in Parcel A to George and Vartanoush Bostanian in 1991. Therefore, he did not have a legal interest in Parcel A at the time of Liberty's and Cal Fed's alleged violation of the automatic stay as to Parcel A. Because Stefan did not have an interest in Parcel A at the time of the events he alleges willfully violated the automatic stay, he may not maintain his claim.

We reject Stefan's arguments that he had an equitable interest in Parcel A sufficient to sustain an action for a willful violation of the automatic stay. First, because he did not have an ownership interest in Parcel A, Stefan did not have a right to redemption in Parcel A giving rise to an equitable interest in that property. *See Saratoga Group Ltd. v. Peoples Nat'l Bank (In re Geris )*, 973 F.2d 318, 321 (4th Cir.1992). Repayment of the 6806 deed would not necessarily have entitled Stefan to reimbursement from the other family members; repayment would have released Parcel A from the possibility of foreclosure, but that would not necessarily have resulted in an obligation on the part of the other family members to reimburse Stefan.

Second, we also reject Stefan's argument that the foreclosure of Parcel B caused him to be equitably subrogated into Liberty's position on Parcel A. Subroga-

2. We refer to both American Hilton Corporation and its successor, Liberty Savings Bank, as "Liberty."

tion allows one who has paid or satisfied the debt of another to assume the rights of the creditor as against the debtor. *See Travelers Casualty & Surety Co. v. American Equity Ins. Co.*, 93 Cal.App.4th 1142, 1150, 113 Cal.Rptr.2d 613 (2001). As discussed, the debt to Liberty was secured separately by Parcel A and Parcel B. Liberty's nonjudicial foreclosure on Parcel B did not leave remaining a right against Parcel A as to which Stefan could be subrogated.

Even assuming that Stefan had an interest in Parcel A, his claim would be barred by the doctrine of laches. Stefan unreasonably delayed for nearly five years in bringing this claim after becoming aware of the underlying facts in late 1994, and fails to offer any evidence that Cal Fed and Liberty were not prejudiced by the delay. *See Telink, Inc. v. United States*, 24 F.3d 42, 47–48 (9th Cir.1994). The bankruptcy court's application of the laches doctrine was not an abuse of discretion. *See id.*

AFFIRMED.

In re: Stefan BOSTANIAN, Debtor,

George BOSTANIAN; Vartanoush Bostanian Appellants,

v.

AMERICAN HILTON CORPORATION; Liberty Savings Bank; California Federal Bank; U.S. Trustee, Appellees.

No. 01–56446.

BAP No. CC–00–01720–BMoP.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 3, 2002.

Decided July 1, 2002.

Before FERNANDEZ, WARDLAW and W. FLETCHER, Circuit Judges.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. For clarity, we refer to each of the Bostanians by his or her first name.

2. We refer to both American Hilton Corporation and its successor, Liberty Savings Bank, as "Liberty."